Opinion of the Court.
THIS was an action of debt, brought by the Bank of Cynthiana against Long and Robertson, upon a note for $3000, executed by them to William Brown, *291 and made negotiable and payable at the Bank of Cynthiana. The declaration alleges the making of the note by the defendants, the endorsement of it by Brown to Joel Frazier, the endorsement by Frazier to William Moore, the endorsement by Moore to the defendants, the endorsement by them to the bank, and that it was discounted by the bank, and not being paid when it became due, was regularly protested for non payment. All these allegations are made in due form and apt words.
The endorsement of a note to the payors, is an extinguishment of the note, and it cannot be revived by their endorsing it to a third person, or to the original payee.
This principle applies as well to notes negotiated at bank, as to others.
But such endorsement, although it would not revive the extinguished note, would, if made on a valid consideration, create a new obligation on the endorser.
*291 The defendants demurred to the declaration, and pleaded, first, nil debet; and secondly, that the note was not discounted by the bank. The circuit court overruled the demurrer, and the jury, on the trial of the issues joined upon the pleas, found a verdict for the plaintiffs, for “nine hundred dollars and thirty eight cents in damages;" for which the court rendered judgment. To that judgment the defendants prosecute this writ of error.
Several questions are made by the assignment of error. The point which was principally relied on in argument, and the only one we deem material to be noticed, arises out of the demurrer to the declaration. It is contended, that the endorsement of the note declared on, to the defendants, released them and extinguished the debt; and, therefore, it is inferred that the plaintiffs had by their declaration shown no cause of action.
1. As it regards this point, it is immaterial, we apprehend, whether the note be considered as an ordinary note for the payment of money, or as possessing the character of a bill of exchange. The same principles must apply to it in both cases; and, in either case, the endorsement of the note to the defendants must operate as an extinguishment of their obligation to pay it; for by the endorsement to them, they became its proprietors, and they could not be bound to themselves. Nor could the obligation, thus extinguished, be resuscitated by the endorsement and delivery of the note by them to the bank; for, in general, when an obligation is once extinguished, it cannot be revived. A new obligation, of the same nature and extent, may indeed be created ; but this could only be done in the same way in which the original obligation was created. Even an endorsement of the note to Brown, *292 the original payee, would not, we apprehend, have revived the obligation, which had become extinct by the endorsement to the defendants. The endorsement, in that case, might, as the endorsement to the bank, in this case, no doubt did, create a new obligation upon the defendants; but it would be such an obligation as the law would imply from the nature of the transaction, and not such as the note upon its face imports.
Where a note endorsed in blank, has been improvidently filled to the payors, (after several prior endorsements,) and by them endorsed to a bank, and a loan obtained on it, leave may be given to strike out the intermediate endorsement to the payors, and leave it as it was originally intended to be.
2. The court, therefore, erred in not sustaining the demurrer to the declaration, and for that cause the judgment must be reversed. As, however, it is probable that the endorsements upon the note, at the time it was negotiated in the bank, were in blank, and the names of the defendants placed upon the note with a different view from that of having it endorsed to them, the circuit court ought, we think, if upon inquiry such should appear to be the fact, to permit the plaintiffs, in case they should make the application therefor, to strike out the endorsement to the defendants, and amend their declaration accordingly, upon the payment of costs.
The judgment must be reversed with costs, and the cause be remanded, for new proceedings to be had, not inconsistent with the foregoing opinion.