Chief Justice Robertson
delivered the Opinion of a majority of the Court
Judge Nicholas dissenting.
To a petition and summons, brought by the President ■and Directors of the Bank of the Commonwealth against James R. Curry, on a note purporting- to be the joint and several obligation of himself, James Finley and James Colman — he filed a long special plea, in which, after averring, in substance, that the note sued on, was signed in blank, for the purpose of renewing a prior note of the same parties, and for no other purpose, be averred that "the said plaintiffs, combining with said Finley to defraud- this defendant and said Colman without the consent or knowledge of either of them, filled up said note, so signed in blank, as aforesaid, with the amount not only intended ío be renéwed, but also with the amount of [a] note executed by Finley, Timberlake, and this defendant ; thereby increasing the responsibility of said Colman and this defendantand concluding that, in consequence of the c.‘ said fraudulent conduct,” the note was void.
*143 The court having overruled a demurrer to this plea, judgment \vas thereupon rendered in bar of the suit.
is the plea good ? This is the only question now presented.
Whether a general plea, that the obligation was obtained by fraud, would have been good, is a question which is not necessarily presented;
The plea here is special, minute and elaborate. It purports to be a formal and precise specification of substantive facts, for the purpose of shewing not merely that vitiating fraud in the execution of the note, is the legal deduction, but that the note is not the act of the defendant. The tendency of the facts which the plea avers, is to shew that the note is not the act and deed of the defendant ; and, considered as a special plea of non estfactmn, the allegations áre insufficient. Peculiar strictness is applied to such pleas. The facts which they contain must clearly shew a state of case in which the non-execution of the deed must be the legal consequence of their truth.
As the plea, in this case, admits that the note was signed in blank, the legal consequence of which was an implied authority to insert any sum, the note must be obligatory, unless some other fact be averred clearly repelling the legal implication of authority to fill it up without restriction as to the amount. Piad there been such restriction as that alleged in the plea, still the implied discretion to insert any sum must be conceded, unless the bank had notice of the special terms under which the note was signed. No such notice is charged. Such notice is not the necessary legal deduction from the general, common-place and incidental allegation of the plea. The imputed combination may imply notice by the bank, of the previously alleged facts. But such an indefinite and comprehensive allegation is only a deduction ; and, in a special plea of non e$t factum, the facts from which the deduction is drawn, should be directly and specifically averred : so that the court may make the deduction from the alleged facts, and not be left to infer the necessary facts from the alleged deduction.
*144 Wherefore, it is considered by this court, (Judg® Nicholas dissenting,) that the special plea is insufficient, and that the demurrer to it was improperly Overruled ; and consequently, the judgment of the circuit court is reversed, and the cause remanded, with instructions to sustain the demurrer.