HUNTINGTON AND SIMS v. THE BRANCH BANK AT MOBILE.

1. When a note is signed in blank, for the purpose of being filled up for a particular amount, and to be used in a particular mode, and it is filled up afterwards for a different sum, or employed in a different manner, a *bona fide* holder or purchaser may recover on it, although he knew it was signed in blank, if ignorant of the purpose for which it was made.

2. The Bank can not recover, by motion, on a note payable to *Andrew Armstrong, or bearer*, without a transfer of the legal interest, or an averment showing that it was made to the Bank, by that name, &c.

Error to the County Court of Mobile county.

THIS was a proceeding by motion, in the Court below, by the Bank, against the plaintiffs in error, upon a note payable to Andrew Armstrong, or bearer, and upon issue joined, the plaintiff obtained a verdict and judgment.

From a bill of exceptions taken pending the trial, it appears that the defendants proved that the note sued on, was executed by them in blank, upon the representation, that it was to be used in the extension of the debt of a Mrs. Nancy Lee, and that other persons were mentioned as names which would be obtained on the same paper; that the blank was afterwards filled up in the presence of the officers of the Bank, to extend the debt of one Anderson West, who also signed the note.

Upon this evidence, the Court charged the jury, that an individual who gives another his name in blank, thereby constitutes such person his attorney, with authority to use such blank for any purpose and for any amount he may think fit. That if the Bank took the note in good faith, without notice of any unfairness or fraud, they were entitled to recover though Lea & Langdon, at whose instance the blank was thus filled up could not.

The defendants counsel moved the Court, to charge the jury, that if they shall believe that at the time the note was accepted from Lea & Langdon, they had no authority to bind the defendants; and the Bank agreed to receive the note before the blank was filled up by Lea & Langdon; and the Bank agreed to receive the note before the blank was filled up by Lea & Langdon, and the Bank had notice at the time it was received from Lea & Langdon, that the note was written over the blank signatures of the defendants, in the custody of Lea & Langdon, the Bank cannot recover. And also, that if the jury shall believe the note was agreed to be accepted by the Bank, before it was filled up by Lea & Langdon, as to the amount, and the Bank had notice that the amount was not filled up, and had notice of the manner in which the same was done by Langdon, in the Bank, without the privity or presence of the defendants; the Bank cannot recover. These charges the Court refused to give, and the defendants excepted to the charge given, and to those which the Court refused to give.

From this judgment, the defendants prosecute this writ of error, and assign for error.

1st. The matter of the bill of exceptions.

2d. That the plaintiff had not such an interest in the note, as to sustain a motion on it.

Mr CAMPBELL, for plaintiff in error—cited, 3 Pickering, 322; 16 ib. 381; 10 Wendell, 93; 17 ib. 238; 5 Cowen, 336; 6 Mass. 300; 5 Taunton, 529; 5 Cranch, 142.

LINDSAY & LINEBAUGH, contra—cited, Doug. Rep. 496; 1 H. Black. 313; 4 Campbell, 97; 1 M. & S, 87; 2 ib. 90; 5 Taun. 529; 13 East, 517; 5 Cranch, 142; 7 Cowen, 336; 4 Mass. 45; 1 Dana, 82; 2 Dana, 142; 5 ib. 258; 3 Stewart, 247; 8 Porter, 297; 1 Ala. Rep. N. S. 18.

ORMOND, J.—Upon the questions of law, arising out of the bill of exceptions, it is impossible we think, to distinguish this case from the case of Herbert v. Huie, 1 Ala. Rep. 18. The counsel for the plaintiff in error, concedes, that if the note in this case, had been filled up by Lea & Langdon, to whom it was intrusted, and the Bank had acquired an interest in it, without a knowledge of the fact, that they had violated the trust reposed in them by the plaintiffs in error, that the Bank could recover; but as the Bank had knowledge that the note was in blank, it was bound to inquire into the authority of the agent to fill it up for the particular purpose, and for the amount inserted in it; yet that was precisely the predicament of the case referred to in 1 Ala Rep. There, the note was not filled up by the agent, but the blank, in violation of the faith reposed in him was handed to a third person, in payment of his own debt, by whom it was filled up for the amount due from the agent. The Court held that in such a case, " an implied authority was given to the holder to fill up the note with any amount he may have advanced on it in good faith, and without the knowledge of any fact which might lead to inquiry and expose the fraud."

The principle here decided, is fully sustained by the cases referred to by the counsel for the defendant in error, and by the most obvious reasons arising out of the transaction. When an individual intrusts another with his signature to a blank note, he certainly intends it should be filled up for some amount of money, and used for some purpose. If the sum of money and the object to which it is to be applied, are agreed on, it is obvious that the faith of the person intrusted with it, is relied on to carry the proposed design into effect. If he violates the trust reposed in him, who should sustain the loss? most certainly he who enabled the fraud to be practised. This is a fami-

liar, principle of law, and it appears to us this is a correct application of it. The supposition that the knowlegde of the fact that the note is not filled up, should put any one taking the note on inquiry as to the authority of the agent, assumes as true, the proposition to be established. It by no means follows that the possessor of a blank signature holds it under an agreement to fill it up for a particular amount, or dispose of it in a particular mode; a much more natural presumption is, that he is vested with a discretion in relation to it, and that in the language of Lord Mansfield, in Russel v. Langstaffe, cited from Douglass—"it is a letter of credit for an indefinite sum." As therefore, the transaction may be what the holder of the blank represents it to be, or at least, as there is nothing in the mere possession of a blank note, which would lead to a suspicion of unfairness or fraud; with no propriety whatever, could an innocent purchaser be so affected with notice of the transaction as to put him on inquiry of the maker.

These remarks have been made because the counsel for the plaintiff in error strenuously insisted that the law was otherwise, and not from any belief that a rule of law so abundantly sustained, both by reason and authority, required an argument to support it.

But the record does not show that the Bank had the legal title to the note; without which, no action can be maintained in a Court of law. The note is made payable to Andrew Armstrong, or *bearer*, which, by our statute is in legal contemplation, a note payable to the *order* of the payee. It may be that the note is payable to the cashier of the Bank, and that by proper averments, the Bank might maintain an action on it without an assignment, but nothing of that kind appears on the record. As to this point, see the case of McWalker v. The Branch Bank, decided at the present term. For this error, the judgment must be reversed and the cause remanded.