JUDGE W OOD
DELIVERED THE OPINION OF THE COURT:
This was an action brought upon a bill of exchange for $472 55, by the appellee, who was the payee and holder, against the appellants, one as drawer, and the other as accept- or thereof.
To this action the defendants pleaded, in substance, that the bill sued on was given in part payment of a bill for twenty-five hundred dollars, which the defendant, C. C. Rogers, had previously indorsed, at the request of one John McMurtry, and for his accommodation.
That when said bill for twenty-five hundred dollars was presented by McMurtry to C. C. Rogers, with the request that *645 he would indorse it, the name of said McMurtry was written across the face of it as acceptor; but that, in fact, there was no acceptance written over the signature of McMurtry. That after said 0. C. Rogers had indorsed the bill as aforesaid, and without his knowledge or consent, or subsequent approval, McMurtry wrote above his own signature, upon the face of the bill, these words, namely: “Accepted, payable at the branch of the Northern Bank, Paris, Ky.”
That McMurtry then sold the bill to Eginton & Poston, bankers, of Winchester, Kentucky.
McMurtry failed to pay the bill at its maturity.
Eginton & Poston afterwards dissolved their partnership, and 0. C. Rogers, by an arrangement made with Eginton, acting in behalf of Poston as well as himself, paid the bill by money in part, and new bills in part, upon long time, of which said C. C. Rogers was the acceptor.
Eginton & Poston having dissolved their partnership, bills were given to them severally for their respective portions of the bill for twenty-five hundred dollars.
The bill upon which this action was founded is one of the bills given to Poston for part of his interest in the bill bought by himself and Eginton from McMurtry.
It was insisted by the answer of appellants, that McMurtry, by writing upon the face of the bill, above his own signature, the words, “ accepted, payable at the branch of the Northern Bank, Paris, Ky.,” after C. C. Rogers had indorsed the bill, and without his knowledge, consent, or subsequent approval, so altered the bill, in a material part, as to release said indorser from all liability thereon; that when he accepted and delivered to appellee the bill now sued on, he (Rogers) was under no liability to pay the large bill, or any part thereof, and that this bill was without consideration, and appellants were not bound to pay it.
It is also stated in the answer that Rogers was ignorant, at the time the bill now sued on was given, of the said supposed alteration by McMurtry of the other bill, and did not know that he had been released from liability on account of his indorsement thereof, as he now contends he was released.
*646 To this answer appellee filed a demurrer.
Upon the trial of the demurrer the answer was adjudged by the circuit court insufficient, and defendants saying nothing further in bar of the action, judgment was rendered for the plaintiff.
The only question now arising upon the record is, did the answer present a sufficient defense to the action ?
It is the opinion of the court that it did not.
There was no alteration of the bill for twenty-five hundred dollars, made after it was indorsed by C. C. Rogers, which released him from responsibility upon his indorsement.
According to the statements of the answer, there was in fact no acceptance upon the bill at the time Rogers indorsed it. True, the name of McMurtry was written across the face of the bill, which might have authorized the holder of it to write an acceptance above it.
But when Rogers made his indorsement there was no acceptance-written above the signature of McMurtry. It was a blank.
In this condition of the paper Rogers indorsed it, and placed it in the hands of McMurtry for the purpose of enabling him. to raise money on it.
In this state of case every reasonable presumption of author' ity conferred upon the acceptor, who was to use the paper, should be indulged against the indorser.
The right to fill up blanks should be presumed. (Lisle vs. Rogers, 18 B. Mon., 537.)
When Rogers indorsed the bill no place of payment had been fixed; and it is but proper and legitimate to presume, when Rogers indorsed the bill in that condition, and placed it in the hands of McMurtry to be used by the latter for the purpose of raising money thereon, that authority was conferred upon him to write above his signature an acceptance of the bill, making it payable at any reasonable place. If a very distant and unreasonable place of payment were appointed, it might be an evidence of fraud, which would be worthy of consideration when a proper case was presented. But there is no such- case-before the court.
*647 In Lisle vs. Rogers, (supra,) where the indorser was held to be discharged from liability, the date of the bill had been altered after the indorsement, which was a very different case from this.
This case is analogous to the cases in which it has been held repeatedly that if a note is signed in blank, the maker will be bound for whatever sum may be inserted, although he may have signed his name upon the express parol condition that the sum should be less than that which was afterwards inserted.
In the case of the Bank of the Commonwealth vs. Curry, (2 Dana, 142,) it was decided by this court that as the plea admitted that the note was signed in blank, the legal consequence was an implied authority to insert any sum, unless some other fact be averred clearly repelling the legal implication of authority to fill up without restriction as to the amount.
If there be any difference between that case’ and this, it seems to us there is more reason for the implication of authority in this case to McMurtry to accept the bill making it payable at any reasonable place he might choose.
When Rogers indorsed the bill, it was “ silent as to the place of payment.” And being so, it was perfectly competent for the acceptor, in whose hands the indorser placed the bill, “ to designate a place where payment should be made.” It was then “ a circumstance within his control and under his direction.” And it must be presumed that Rogers, when he indorsed the bill “ without restraint upon the acceptor as to the place of payment,” “ left that circumstance to the control and discretion of the acceptor.”
We have not been able to perceive that Rogers was injured in anywise by the act of McMurtry, in writing over his own signature upon the face of the bill, after the indorsement was made, the words “ accepted, payable at the branch of the Northern Bank, Paris, Ky.,” thereby designating the place at which payment of the bill would be made. But if it were admitted that he had been injured thereby, that would not release him from liability.
An innocent and bona fide holder, for value, of the bill, should not be made to suffer loss because of the confidence *648 reposed in the acceptor by the indorser, even if that confidence has been abused. That very trust and confidence has enabled the acceptor to pass the bill to the innocent holder.
But it is not pretended in this case that there was an abuse of confidence.
If Rogers had been sued by Eginton & Poston on the bill for twenty-five hundred dollars, the matters stated by him in his answer in this action would not have constituted a sufficient defense to that action.
The maxim that “he who trusts most shall lose,” applies with full force. It is better that a negligent indorser of a bill of exchange should be held responsible, than that a Iona fide holder for value should suffer. The exigencies of commerce, and the necessity for the free and unrestricted circulation of negotiable paper, require that this should be so. (Taylor, etc., vs. Craig, 2 J. J. Mar., 460.)
This case is within the principle settled by this court in the cases of Smith vs. Mobberly, &c., (10 B. Mon., 266,) and Ward and others vs. The Northern Bank and others, (14 B. Mon., 351.) Indeed, there was not so strong a case made by the indorser in this case, as was made by the sureties in either of those cases.
Our opinion in this case is fully sustained by the opinions and reasoning of Chief Justice Spencer, in Bank of America vs. Woodworth, (18 Johnson's Reports, 315,) and Chancellor Kent, same case, (19 Johnson's Reports, 391,) and the numerous authorities cited and reviewed by those eminent and learned judges.
As C. C. Rogers was bound by his indorsement of the bill for twenty-five hundred dollars, held by Eginton & Poston, it follows that there was a valid and sufficient consideration for the bill sued on in this action, and for the payments which have been made to appellee, in discharge of said larger bill, and the demurrer to the answer and counter claim of appellants in this action was very properly sustained by the circuit court; and the judgment for the amount of the bill sued on was not erroneous.
Wherefore, said judgment is affirmed.