Verdict for the United States.

## Case No. 15,292.

UNITED STATES v. HAMMOND et al.

[4 Biss. 283.] [1]

Circuit Court, D. Indiana. Jan., 1869.

ESCROW — INTERNAL REVENUE — ACTION ON DISTILLER'S BOND — PLEA.

1. In a suit on a distiller's bond against him and his sureties, one of the sureties pleaded that he signed the bond and delivered it to the principal obligor on condition that it should not be delivered to the obligee till it was signed by one B; that said B never signed it; that the agent of the obligee, when he accepted and approved the bond, had notice of said conditional delivery; and that so the writing was not the surety's deed. Held, that as to the surety, the writing was a mere escrow, and that the plea was good.

2. The condition of the bond was that the principal obligor, a distiller, should faithfully comply with all the requirements of law in relation to distilled spirits. And the breach laid was that the principal obligor, having manufactured one thousand gallons of spirits at his distillery, had sold and removed for sale the same therefrom without first paying the taxes thereon as required by law. Plea, that he did not sell or remove for sale said spirits or any part thereof without having first paid the tax thereon as required by law. Held, a good plea on general demurrer.

McDONALD, District Judge. This action is debt on a distiller's bond, conditioned for his faithful compliance with all the requirements of the law in relation to distilled spirits. The breach assigned is, that, having manufactured at his distillery one thousand gallons of spirits, he sold and removed for sale the same therefrom without first paying the tax thereon as required by law.

Three pleas have been filed, to the second and third of which, there are demurrers. And the question for decision is, whether these demurrers should be sustained.

1. The second plea is a special non est factum. It is pleaded separately by Samuel F. Day, one of the defendants. This plea alleges that at the time when Day signed the bond, the said Samuel H. Hammond, the principal in the bond, "promised to procure the signature of one James M. Bratton

1 [Reported by Josiah H. Bissell, Esq., and here reprinted by permission.]

to said bond as co-security thereon; that the same was delivered to said Hammond for the purpose of getting the said Bratton's signature thereto, and not for the purpose of being delivered by said Hammond to the plaintiff until the said Bratton had signed the same; that at the time said Hammond delivered said bond to the plaintiff, the plaintiff had full notice that said bond was not to be delivered by the said Hammond until 'it was signed by the said Bratton"; that one William Bickell was then and there a deputy collector of the district in which Hammond's distillery was situate, and was "the agent of the plaintiff to accept and approve said bond; and that when said bond was tendered to him for' his acceptance by the said Hammond, the said Hammond stated to the said Bickell, agent of the plaintiff as aforesaid, that said Day had signed said bond on condition that the same was not to be delivered until the said Bratton had signed the same."

No oyer of the bond is of record; so that we cannot see whether, in the form in which it was approved, anything on its face indicated that it was then in an imperfect condition. It is certain that the obligor of a bond cannot deliver it to the obligee on any condition so as to make it a mere escrow. A delivery to the obligee estops the obligor to say that it is not his deed. Foley v. Cowgill, 5 Blackf. 18; Moss v. Riddle, 5 Cranch [10 U. S.] 351. It is equally clear that an instrument signed and sealed, and delivered to a stranger to it, on condition that it shall not be delivered to the obligee till the happening of some designated event, is a mere escrow till that event happens. 2 Bl. Comm. 307; 4 Kent, Comm. 454.

But the case at bar differs from the case above supposed. Here the delivery by Day was not a delivery to the obligee of the bond, nor a delivery to a mere stranger to the bond, but a delivery to the principal obligor of the bond. And the question is, will such a delivery on a condition render it a mere escrow till the condition be performed? On this question the authorities are very numerous and very conflicting.

If the plea did not aver that, at the time of the delivery of the bond to the government, the plaintiff had notice of the conditional delivery by Day to Hammond, I should have felt more difficulty in pronouncing it a good defense. Though, even in that case, there are high authorities for holding that the plea would be good. Pepper v. State, 22 Ind. 399; People v. Bostwick, 32 N. Y. 445. But as the plea stands, I feel no difficulty in pronouncing it a good bar to this action.

There is, indeed a class of cases which hold that a delivery of a bond by one obligor to another on a condition can never make it an escrow, but is equivalent to a delivery of it to the principal. Of this class are the cases Taylor v. Craig, 2 J. J. Marsh. 449; Bank of Commonwealth v. Curry, 2 Dana,

143; Smith v. Moberly, 10 B. Mon. 266. And the case of Deardorff v. Foresman, 24 Ind. 481, seems to go almost to the same extent.

But I think that the weight of authorities is strongly against the doctrine maintained in these cases. Even the case of Deardorff v. Foresman, supra, while it seems to hold that that a delivery by a surety to his principal co-obligor on a condition can in no case make the bond an escrow, admits that if the officer who approves the bond, was at the time aware of the condition remaining unperformed, the bond is void as to such surety.

Whatever conclusion ought to be drawn from decisions on this point made by courts of the several states, I consider that the supreme court of the United States has settled the question, and that its authority binds me.

In Pawling v. U. S., 4 Cranch [8 U. S.] 219, it was held that a surety might deliver to the principal obligor a bond as an escrow. In that case the names of other sureties were in the body of the bond; and the surety, when he so delivered it, declared, not in the presence of the officer accepting and approving it, but in the presence of his co-obligors, that he acknowledged the instrument, "but others are to sign it." Under such circumstances, it was held that a jury might well find that the instrument was a mere escrow till the "others" had signed it.

In the case of U. S. v. Leffler, 11 Pet. [36 U. S.] 86, which was an action on a collector's bond, one of the sureties had been permitted to prove on the trial that he "had executed the bond on condition that others would execute it, which had not been done." And this was held to be right.

So in Johnson v. Baker, 4 Barn. & Ald. 440, before the execution of a composition deed, it was agreed in the presence of the surety to it, that it should be void unless all the creditors executed it. The surety thereupon signed it, and it was delivered to one of the creditors to obtain its execution by the other creditors, which never was done. And it was held to be a mere escrow.

So, also, in Leaf v. Gibbs, 4 Car. & P. 466, where a person signed a note with a representation that others were to sign it, who never did, it was held that the party signing it was not liable on it, unless he subsequently waived the signing by others.

The demurrer to the second plea is overruled.

The third plea avers that the said Hammond "did not, on the first day of July, 1868, or upon any other day, at said district or at any other place, sell or remove for sale one thousand gallons of distilled spirits or any other amount whatever, without having first paid the tax thereon, as required by law."

To this plea there is a special demurrer. The cause assigned is that it "does not sufficiently traverse the breach assigned in the

declaration; the said traverse being in general terms, and not a particular traverse of each assignment of breaches."

It is difficult to see what this special cause of demurrer means. There is but one breach assigned in the declaration; and this plea negatives that breach in its very words. The only objection that could be raised to this plea is that it may possibly be faulty as containing a negative pregnant. But the special cause of demurrer assigned would not reach this fault. Whether, if the plea were specially demurred to for this cause, it should be held bad. I need not inquire. I am satisfied it is good on general demurrer. In Pullin v. Nicholas, 1 Lev. 83, which was debt on a bond conditioned to perform covenants, one of the covenants was that the obligor should not deliver possession of certain premises to any but the obligee, or such person as should lawfully evict him. The defendant pleaded that he "did not deliver the possession to any but such as lawfully evicted him." On demurrer, this plea was held good. This case is cited and approved in Steph. Pl. 383; and it seems to be in point on the plea under consideration.

The demurrer to the third plea is overruled.

NOTE. Consult U. S. v. Dair [Case No. 14,-913]. For a full discussion of the plea of non est factum, and delivery in escrow, consult Foy v. Blackstone, 31 Ill. 538; Furness v. Williams, 11 Ill. 229; Neely v. Lewis, 5 Gilman, 31; Price v. Pittsburgh, Ft. W. & C. R. Co., 34 Ill. 13; White v Bailey, 14 Conn. 275; Coe v. Turner, 5 Conn. 92; Carr v. Hoxie [Case No. 2,438]; Jackson v. Rowland, 6 Wend. 666.