THE CENTRAL BANK OF BROOKLYN, Respondent, *v.* BARNABAS HAMMETT et al., Appellants.

An individual negotiating for the purchase of a bill of exchange or promissory note from one having it in possession, and whose name appears upon it, must assume that the title of the holder as well as the liability of all the parties is precisely that indicated by the instrument.

The presumption arising from the fact of possession of a bill of exchange by the drawee and acceptor, is that it is in his possession for acceptance or after payment; such possession gives no apparent ownership or presumptive right to transfer the same. (PECKHAM, J., dissenting.)

(Argued April 19, 1872; decided November 12, 1872.)

APPEAL from the judgment of the General Term of the Supreme Court in the second judicial department, affirming a judgment in favor of plaintiff, entered upon a verdict

This action is brought upon a bill of exchange, drawn by the defendants on and accepted by Balch & Co., payable to the order of the plaintiff, dated October 31st, 1868, at four months.

Balch & Co. were indebted to the defendants, and the defendants drew the draft and delivered it to the defendants on account of such indebtedness, and for the purpose of enabling the defendants to have it discounted for their own benefit.

The defendants failing to get it discounted, Balch & Co. gave defendants another acceptance for the same amount, and with instructions to have it canceled, surrendered this one to them.

Instead of doing this, Balch & Co. presented it to plaintiff for discount to procure funds to pay a note previously discounted by the bank for them.

The bank discounted the bill, passed the proceeds to the credit of Balch & Co., and out of the moneys paid the note it had.

*John C. Dimmick* for the appellants.    To constitute a *bona fide* holder of commercial paper, it must be purchased of one either owning or apparently the owner of what he proposes to sell. (*Belmont Branch Bank* v. *Hoge*, 35 N. Y., 65 ; *Hoge* v. *Lansing*, 35 N. Y.,|36.)

*J. C. Bergen* for the respondent.    If the bank had paper of Mr. Balch lying over, and it was taken up by this bill of exchange, that would be no defense.    (Albany L. J., Oct. 29, 1870, p. 327 ; 34 N. Y., 247 ; 40 id., 457.)

Per Curiam.    The plaintiff claims to recover as a *bona fide* holder for value of the bill in suit.    A *bona fide* holder of negotiable paper is one who has acquired the title in good faith for a valuable consideration from one capable of transferring it, or from one in possession of the paper with an apparent right to transfer it, and without notice of any defect in his title or right to transfer.    One who obtains the transfer of negotiable paper before maturity, and for full value, without notice of any defect in the title of the apparent owner, acquires and has all the rights of a *bona fide* holder, by title derived from the actual owner.    (*Belmont Branch Bank* v. *Hoge*, 35 N. Y., 65.)    The possession of a bill or note payable to bearer, or indorsed in blank by one not a party to the instrument, is presumptive evidence of ownership.    But a possession of such an instrument by a party to it only authorizes a presumption of such rights and obligations of the several parties as are indicated by the paper itself.    The actual relations to each other, of the several parties to the instrument, are presumed to be precisely such as the law declares, in the

absence of any special circumstance to take the instrument out of the general rule, and vary the liabilities of the parties as between each other.

An individual negotiating for the purchase of a bill or note from one having it in possession, and whose name appears upon it, must assume that the title of the holder, as well as the liability of all the parties, is precisely that indicated by the instrument; that is, he cannot assume that the person in possession has any other or different rights, or that the liability of the parties is other or different from that which the law would imply from the form and character of the instrument. (*Hoge* v. *Lansing*, 35 N. Y., 136.) The plaintiff acquired the title to the bill from Balch & Co., the drawees and acceptors, the persons primarily liable for the payment of the debt. It could only, in the ordinary course of business, and according to mercantile usage, have been in the possession of the transferrer either for acceptance or after it had been paid, and in neither case would they have had the right to transfer it. In the first case they would have had possession of it for a special purpose, and not as owners, and in the latter it would have become *functus officio*, and not capable of being again put in circulation. There was no apparent ownership in Balch & Co., or presumptive right to transfer the bill to the plaintiff.

If the paper had been made for the accommodation of the drawees, and to be used by them, that fact should have been proved.

The law will not presume the paper to have been made except in the ordinary course of business, and according to commercial usage.

The judgment must be reversed and a new trial granted, costs to abide the event.

All concur, except PECKHAM J., dissenting.

Judgment reversed.