### Charles F. Gibson v. Albert Miller and others.

*Promissory notes: Payee: Indorsement.* Where the maker has procured one who was second indorser upon a note about to mature, to indorse another note intended to be used in renewal, upon a promise that he would at once procure the indorsement as first indorser, of the payee to whose order the note was payable and who had not at the time indorsed the same, and that he would not make use of the same without first procuring such indorsement, one who takes the note of the maker while it is in that condition and carries it in the same shape until due cannot hold such indorser.

*Promissory notes: Indorser: Indorsee.* No one can sustain the character or relation of indorser to a note except there be some one in being possessing the correlative relation or character of indorsee.

*Promissory notes: Bona fide purchaser.* One who takes a note in that shape is not entitled to be considered a *bona fide* purchaser, but takes it subject to the equities growing out of the condition upon which such indorsement was procured as between such indorser and the maker.

*Promissory notes: Indorsement.* The procurement of the indorsement of the payee after the note fell due and after steps had been taken to charge such other indorser, was of no legal avail to affect the liability of the latter.

*Heard May 8. Decided May 12.*

Case made from Bay Circuit.

*McDonell & Cobb,* for plaintiff.

*Marston, Hatch & Cooley,* for defendant Miller.

GRAVES, CH. J.

The plaintiff Gibson recovered judgment in the circuit court against the defendant George B. Whitman as maker

and the other defendants as indorsers of a promissory note, and the defendant Miller, who defended separately, asks a review upon a case made, of the judgment against him. Upon consideration of the facts as set forth in the case we think no legal liability was established against him. The defendant George B. Whitman obtained a loan from the plaintiff on a note made by George B. payable to the order of John C. Whitman, and which was first indorsed by the latter and then by Miller. This note fell due and was about being protested, and in order to obtain further time and take it up, George B. prepared the note in suit, making it payable like the first to the order of John C., and without communicating with the latter, who does not appear to have had any knowledge of it or connection with it until it fell due, then subscribed it himself as maker, and called on Miller to indorse it. Observing that the note was not indorsed by the payee and hence not in shape for use, Miller consented to put his name on the back of it on condition that he, George B., the maker, should "at once" get John C., the payee, to give his name as first, indorser, and that it should not be used before such indorsement.

However, in violation of this express condition, George B. immediately delivered the note in the shape it then bore to the plaintiff, who accepted it without any indorsement on the part of the named payee, and upon the understanding with George B. that he would thereafter obtain such indorsement. The note in question was thus taken by the plaintiff in place of the first one, which was given up and cancelled.

Miller was not aware until after it matured, that John C. Whitman had not indorsed this note.

It fell due, however, in the plaintiff's hands, without any indorsement by John C. Whitman, the payee, and then Mr. Gibson took steps to charge both Miller and John C. Whitman as indorsers, and precisely as though both had actually indorsed in regular course.

Some days after the action to charge them as indorsers Mr. John C. Whitman in fact put his name on the back of the note in the place of first indorser, and likewise made his guaranty of payment on the note.

Under these circumstances it appears to me that at the time when the steps were taken to charge Miller as indorser, the character of indorser had not in legal contemplation attached to him at all. The mere delivery of the note to the plaintiff by the maker, with Miller's name on the back of it, and without any act of transfer by the payee and even without his accession to the transaction or any knowledge of it, was not sufficient to invest the plaintiff with any legal title or impress upon the signature of Miller the legal quality of a full indorsement; and unless it did so Miller was not indorser. His relation or character as indorser could not exist without some one in being possessing the correlative relation or character of indorsee; and while this note continued in the hands of the plaintiff under a bare manual delivery by the maker, without any act or knowledge on the part of the payee to connect him as a party, I am unable to discover that any one filled the character of legal indorsee. If correct in this position, the proceedings to charge Miller as indorser, and I cannot see how he could be charged in any other character, were devoid of legal efficacy. But there are other objections. As the paper was shaped when George B. gave it to the plaintiff, and as it continued until after the protest, it showed unmistakably on its face that it still required the indorsement of John C. Whitman to give it complete operation, and the plaintiff was actually aware that this was essential; beause he in fact required Mr. George B. Whitman, the maker, to promise that such indorsement should be made.

It cannot, consequently, be urged by the plaintiff that he was brought or led to accept the paper unindorsed by the payee through any act of carelessness or neglect on the part of Miller.

In receiving it as it then was, and without indorsement
by the payee, he accepted paper which he was bound to
know would be open in his hands, when thus irregularly
taken, to any defense of the nature of that made here
which Miller might have to it.—*Morton v. Preston, 18
Mich., 60 ; Lancaster National Bank v. Taylor, 100 Mass.,
18 ; Whistler v. Forster, 14 C. B. ( N. S.), 248 ; Central
Bank of Brooklyn v. Hammett, 50 N. Y., 158.*

Miller's name on the back of the note went into the
hands of George B. Whitman, not as an absolute under-
taking, but on the express condition that "it should not
be taken or considered as an indorsement at all unless the
indorsement of John C. Whitman, the named payee, *should
be procured at once.*"   This condition was disregarded and
violated, and hence the alleged connection of Miller with
the paper, which depended on compliance with the condi-
tion, never commenced:—*Benton v. Martin, 52 N. Y., 570 ;*
and Miller is warranted in defending on this state of facts
against Gibson, who knowingly received the paper irregu-
larly, and obtained at the most only an equitable title.

The indorsements which were made after the paper ma-
tured, and after the protest, were not of legal avail to affect
the liability of Miller.   The contract under which he was
to be liable in character of indorser, or rather the condi-
tion upon which he was to assume the position of indorser
at all, was violated, and the position of the plaintiff op-
posed no obstacle to the assertion by Miller of every
right which he had under his arrangement with George B.
Whitman as to the terms on which he would become in-
dorser.   And when the breach of the condition in question
actually occurred, the power of George B. Whitman to in-
volve Miller as indorser wholly ceased, and it was quite
beyond the legal authority of the Whitmans and Gibson, or
any or either of them, without Miller's assent, to create a
distinct contract relation for him and make him an in-
dorser by their separate and subsequent action.

Moreover, the subsequent indorsement by John C. Whit-

man could not under any view of the facts, in my judgment, be held to so operate retrospectively against Miller as, not only without his assent but against the express terms on which he signed, to fix him as an indorser as of the time when the plaintiff received the paper.—*Lancaster National Bank v. Taylor*, before cited.

Notwithstanding that Miller put his name on the back of the note, he in truth never became a party, and his right to show the truth, and insist upon it as a defense, is not prejudiced by any right which the plaintiff gained through his mode of dealing or by the nature of his connection with the note.—*Bacon v. Burnham, 37 N. Y., 614.* There are still other objections to recovery against Miller than those specifically stated, but they do not require to be noticed.

The judgment of the court below, as against Miller, must be reversed, and judgment entered in his favor here for the costs of both courts.

The other Justices concurred.