MARY C. KINNEY, Respondent, v. GEORGE SCHMITT and CHRISTIAN KOEHNE, Appellants.

*Guaranty — blanks in — when filling in of, not a material alteration — when authority to fill in blanks presumed.*

The defendants executed the following instrument, written upon the back of a lease given by the plaintiff to Francis X. Schwer : "In consideration of the letting of the premises above mentioned to **the** above-named *Francis X. Schwer,* and of the sum of one dollar to me paid by the said party of the first part, *we* do hereby covenant and agree to and with the party of the first part above named, and *by her* legal representatives, that if default shall at any time be made by the said *Francis X. Schwer* in the payment of the rent and performance of the covenants above contained on *his* part to be paid and performed, that *we* will well and truly pay the said rent, or any arrears thereof," etc. At the time of its execution inplace of the italics were blanks, which were subsequently filled in by plaintiff.

In an action upon it, the defendants claimed that the insertion of these words constituted a material alteration and rendered the agreement void. *Held,* that, even without the insertion of these words, the instrument was sufficiently complete to disclose the facts, that it was intended that the defendants should become liable upon it for the payment of the rent and that they subscribed it for the purpose of assuming that obligation, and that as the filling in of the blanks in no way enlarged or extended it, the additions were not material and the validity of the instrument was not affected thereby.

*Semble,* that from the intention of the parties and the fact that appropriate spaces were left for the words inserted, and they were simply useful for the purpose of fully expressing what was reasonably clear without them, authority for the plaintiff to fill them would be presumed.

Appeal from a judgment in favor of the plaintiff, entered upon a verdict directed by the court.

*F. G. Salmon,* for the appellants. The alterations were alterations in material particulars, and the instrument, when signed by the defendants imposed no liability upon them. The agreement, under the statute of frauds, must be in writing. The writing must, on its face, express a consideration and the whole terms of the contract. Nothing lacking in these particulars can be supplied by parol no matter what was originally the intention of the parties. (*Calkens v. Falk* 1 Abb. Ct. App. Cases, 291; *Wright v. Weeks,* 25 N. Y.,

153, 159; *Davis* v. *Shields*, 26 Wend., 341; *Wright* v. *Weeks*, 25 N. Y., 160; *Wain* v. *Walters*, 5 East, 10; *Abeel* v. *Radcliffe*, 13 Johns., 297; *Dodge* v. *Lean*, id., 508; *Baptist Church* v. *Bigelow*, 16 Wend., 30; *Merrit* v. *Classon*, 12 Johns., 102; *Bogert* v. *Ogdens*, 3 id., 399, 419.)

*Chas. Meyer*, for the respondent.

DANIELS, J.:

The judgment in this case was for the rent unpaid upon a lease given by the plaintiff for the store and basement in the building known as 79 Cedar street. The lease was for one year at the annual rent of $3,500, payable in monthly installments on the first day of each month, which the tenant covenanted well and truly to pay. By the terms of the agreement entered into the tenant, Francis X. Schwer, was to furnish security for the payment of his rent and the performance of his covenants, and for that purpose the defendants executed a guaranty indorsed upon the lease, at the time when it was subscribed by the landlord and the tenant.

The defense relied upon at the trial on behalf of the defendants, who were the sureties, was that the guaranty had been materially altered after its execution. The alterations alleged consisted of the filling up of blank spaces claimed to have been left in the contract of guaranty when it was subscribed by the defendants. Whether they were so filled up or not was a controverted matter of fact upon the trial. But as the court declined to submit that point to the jury and directed a verdict in the plaintiff's favor, the defendants are entitled to the presumption that the blanks were filled up after they had subscribed the instrument, for under the evidence the jury might have found on that subject in their favor. The agreement which they subscribed and which at the time was indorsed upon the lease was in the following form, except the words printed in italics :

"In consideration of the letting of the premises above mentioned to the above-named *Francis X. Schwer*, and the sum of one dollar to me paid by the said party of the first part, *we* do hereby covenant and agree to and with the party of the first part above named, and *by her* legal representatives, that if default shall at any time be

made by the said *Francis X. Schwer* in the payment of the rents and the performance of the covenants above contained, on *his* part to be paid and performed, that *we* will well and truly pay the said rent, or any arrears thereof, that may remain due unto the said party of the first part, and, also, all damages that may arise in consequence of the non-performance of said covenants, or either of them, without requiring notice of any such default from the said party of the first part.

Witness *our* hand and seal, this *twenty-ninth* day of *March*, in the year of our Lord one thousand eight hundred and —."

> SCHMIDT & KOEHNE. [L. S.]

Witness:
　Wm. H. Butler.

They and no others were what was alleged to have been inserted after the execution, and because of their insertion it is insisted that the court erred in directing a verdict for the plaintiff. But without them the instrument was sufficiently complete to disclose the facts that it was intended that the defendants should become liable upon it for the payment of the rent and the performance by the tenant of the covenants contained in the lease, and that they subscribed it for the purpose of assuming that obligation. And as the filling of the blanks in no way enlarged or extended it the court could very well hold that the additions made were, in no legal sense, material. (*People* v. *Muzzy*, 1 Denio, 239.)

But even if that were otherwise, from the intention of the parties and the facts that appropriate spaces were left for the words inserted and they were simply useful for the purpose of fully expressing what was reasonably clear without them, it was to be presumed that the plaintiff or her agent might be conceded the authority to fill them.

The rule on this subject which has been well established concerning commercial paper, is that it may at delivery be left entirely blank above the signature, or in the form of an ordinary printed bill or note with the material parts in blank, and the spaces may be filled in with any date, time of payment, amount, place of payment or payee, provided this be done consistently with the legal import or tenor of the form signed or indorsed. And to that extent

it has been abundantly sustained by the authorities. (*Russell* v. *Langstaffe*, Doug., 514; *Orick* v. *Colston*, 7 Grat., 189; *Douglas* v. *Scott*, 8 Leigh, 43; *Fullerton* v. *Sturges*, 4 Ohio [N. S.], 529; *Bank of Com.* v. *Curry*, 2 Dana, 143; *Huntington* v. *Bank*, 3 Ala., 186; *Norwich Bk.* v. *Hyde*, 13 Conn., 279; *Ives* v. *Bank, etc.*, 2 Allen, 236; *Collis* v. *Emmett*, 1 T. & Black., 313; *Visher* v. *Webster*, 8 Cal., 109; *Spiller* v. *James*, 32 Ind., 202; *Violett* v. *Patton*, 5 Cranch, 142; *Mitchell* v. *Culver*, 7 Cowen, 336; *Michigan Bk.* v. *Eldred*, 9 Wall., 544.) The authority arises out of the form of the instrument to which the signature of the party has been attached and the object to be accomplished by subscribing it, and no good reason exists for excluding that which the defendants gave from the operation of this rule. By subscribing as they did, and for the object which was at the time understood, they practically authorized the blank spaces to be supplied with the words which the context indicated to be proper. They were so supplied, and after what had transpired the defendants could not, with any legal propriety, be allowed to deny the validity of the instrument subscribed by them because of its formal completion which was all that, in any view, can be affirmed to have been done. The judgment appealed from should, therefore, be affirmed.

DAVIS, P. J., and BRADY, J., concurred.

Judgment affirmed.