CASE 124—PETITION ORDINARY—October 13.

# Callahan v. First National Bank of Louisville.

### APPEAL FROM JEFFERSON COURT OF COMMON PLEAS.

1. The presumption of law is, that a note *in the hands of the maker of it*, indorsed by the payee, has been paid; and one to whom the maker has discounted it cannot recover against the indorser without an allegation that it was indorsed for the maker's accommodation.

2. A verdict will not cure the failure to make the averment.

LANE & HARRISON FOR APPELLANT.

1. The presumption is that a note in the hands of a maker, with the payee's name indorsed upon it, has been discharged. (Powell v. Swan, 5 Dana, 3; Story on Promissory Notes, sec. 452; Dugan v. United States, 3 Wheat., 172; Norris v. Badger, 6 Cowen, 449; Brinkley v. Going, 1 Ill., 288; Campbell v. Humphries, 3 Ill., 478; Bank of United States v. United States, 2 Howard, 711; Central Bank v. Hammet, 50 N. Y., 159.)

:2. An indorsement is not complete or effectual until the note has been delivered by the indorser, with the intention of transferring the property in it. (Brind v. Hampshire, 1 M. & W., 365; Rex v. Lambdon, 5 Price, 428; *Ex parte* Cote, L. R., 9 Ch., 27; Dann v. Norris, 24 Conn., 333; May v. Cassiday, 7 Ark., 376; Mott v. Wright, 1 Biss., 53.)

.3. The negotiation of a note after payment cannot create any liability against any party other than the one negotiating it. (Story on Promissory Notes, sec. 180; Story on Bills, 223; Bailey on Bills, p. 166; Boehm v. Sterling, 7 Term Rep., 423; Grield v. Evger, 17 Mass., 615; Havens v. Huntington, 1 Cowen, 387; Mead v. Small 2 Greenleaf Rep., 207.)

.4. There is no allegation that appellee discounted the note, and there can be no evidence of a fact not alleged. (2 Bibb, 6; 2 Bibb, 26; 2 Bibb, 382.)

5. A blank indorsement does not, *per se*, transfer title. (9 Dana, 416; Gaar v. Louisville Banking Co., 11 Bush, 184; Rees v. Bank, 5 Randolph, 329; Needham v. Page, 3 B. M., 466; Caruth v. Thompson, 16 B. M., 575.)

6. The agent of appellee was not authorized to demand payment, there being no indorsement of appellee upon the note.

7. The protest is not sufficient. It fails to state who is the holder or owner of the bill.

LEWIS N. DEMBITZ FOR APPELLEE.

.1. Appellant constituted the maker of the note his agent to have it discounted. (Woolfolk v. Bank of America, 10 Bush, 504; Young v. Harris, 14 B. Mon., 447; Rogers v. Poston, 1 Met., 643.)

Callahan v. First National Bank of Louisville.

2. It was unnecessary to allege in terms that appellant indorsed the note for the accommodation of the maker. (4 Robinson's Practice, 204.)
3. The note being mere accommodation paper, appellant's indorsement was not an acknowledgment of payment
4. To enable the holder of a note to recover, it is not required that a blank indorsement shall be filled up. .(Rees v. Bank, 5 Randolph, 329; Daniel on Negotiable Instruments, sec. 695.)

RODMAN & BROWN, OF COUNSEL FOR APPELLEE.

CHIEF JUSTICE COFER DELIVERED THE OPINION OF THE COURT.

The appellee brought this action against W. L. Weller & Son as makers, and the appellant, James Callahan, as indorser of a negotiable note.

It was alleged in the original petition that, before the maturity of the note, Callahan indorsed it to the appellee; that the bank discounted it for him; that it was duly presented at maturity at the Bank of Kentucky, where it was payable, and payment demanded and refused, and regularly protested, and notice thereof given to Callahan.

Callahan denied that he indorsed the note to the appellee, or that it discounted it for him. He also denied protest and notice.

In an amended petition, the appellee alleged that " Callahan wrote his name across the back of the note, and handed it back to W. L. Weller & Son, and the note was discounted at plaintiff's bank by W. L. Weller & Son, and the proceeds of said note *was* carried to the credit of W. L. Weller & Son."

The law and facts were submitted to the court, and judgment was rendered for the plaintiff against Callahan. From that judgment he appeals, and assigns eighteen errors, the most of which are mere heads of arguments in support of the counsel's theory of the case, and, obscure rather than elucidate the real questions involved.

When the original and amended petitions are considered together, the allegations are, in substance, these: That Weller & Son made a negotiable note payable to Callahan; that Callahan indorsed his name on the back of the note and returned it to them, and that they presented it to the appellee, and had it discounted for their own benefit.

Can the bank recover against Callahan on these facts alone?

We think not.

The note upon its face imported an indebtedness of the makers to Callahan, but being in the makers' hands, it did not import an obligation at all.   Callahan's indorsement on the back of the note showed that it had been in his hands, but how or for what purpose it came again into the hands of the makers did not appear.   The most reasonable conclusion is, we admit, that he indorsed it for their accommodation. This, however, is a mere inference of fact, and not a presumption of law.   The presumption of law is that it was paid, and the liability of the indorser, if any had ever existed, was extinguished.   (Long & Roberts v. Bank of Cynthiana, 1 Litt., 290; Beebe v. Real Estate Bank, 4 Ark., 546; Bank v. Hammet, 50 N. Y., 158.)

There is nothing inconsistent with this conclusion in Woolfolk v. Bank of America (10 Bush, 504), Young v. Harris (14 B. Mon., 536), or Rogers v. Poston (1 Met., 643).

In each of these cases it distinctly appeared that the paper in contest was indorsed for the accommodation of the person by whom it was delivered to the holder.   That fact being established, no doubt could exist as to the liability of those who had indorsed the paper and delivered it to the person intended to be accommodated, to be used by him to raise money or to take up his outstanding obligation.   But the

fact that it was indorsed for accommodation must appear by appropriate allegation, and without such allegation no cause of action can be shown, and the defect will not be cured by verdict.

That Callahan indorsed for the accommodation of Weller & Son, the note having been discounted for them, was the very foundation of the appellee's case. Unless that be shown, his obligation created by the indorsement appears to have been extinguished before the time at which the bank received the note, and it can no more recover without showing some fact to rebut the legal presumption arising from the possession of the note by the makers than if his name had not appeared on the note at all.

We perceive no valid objection to the demand, protest, or notice; but for the reasons indicated the judgment is reversed, and cause remanded for further proper proceedings.