WHITTLE & HARREL v. THE HIDE AND LEATHER
NATIONAL BANK.

No. 1236.

Filling Blank—Negotiable Paper—Bona Fide Holder.—Whittle & Harrel being indebted to Meyer & Sons Co., sent them a check for the amount, drawn on themselves and accepted by them; the name of the drawers was blank. *Held:*

1. That the creditors were authorized to sign or fill the blank as drawers.

2. The instrument coming into the hands of plaintiff before maturity, for value and without notice of any irregularity, constitutes the latter a bona fide holder.

3. The rights of plaintiff are not affected by subsequent acts in bad faith on part of the creditors.

APPEAL from Williamson.   Tried  below  before  Hon. W. M. KEY.

*T. B. Cochran,* for appellants.

*Joseph W. Robertson,* for appellee, cited:   Moisee v. Knapp, 30 Ga.,
492; 1 Am. and Eng. Encyc. of Law, 513; 2 Id., 339.

COLLARD, ASSOCIATE JUSTICE.—The parties have made an agreed
statement of the facts and the question of law involved in this appeal,
as follows:

"That on the 28th day of November, 1889, appellants were indebted
to the C. J. L. Meyer & Sons Co. in the sum of $1026.67, and on said
day made out and sent to said company their accepted draft in the fol-
lowing words:

" '$1026.67.                    " 'GEORGETOWN, TEXAS, 11/28, 1889.

" 'Four months after date, pay to the order of ourselves one thou-
sand, twenty-six and 76/100 dollars, and charge same to the account of

" '_____.

" 'To Messrs. Whittle & Harrel, Georgetown, Texas.'

"And that as sent the said draft had indorsed across the face thereof
the words, 'Accepted,' signed 'Whittle & Harrel, per Taylor.'

"That the said C. J. L. Meyer Co. drew a draft on said Whittle &
Harrel for the same debt, and the same was refused, with notice writ-
ten across the face that said previous draft had been sent, and if it
had not been received to send back, and this draft would be accepted.

"That in the meantime said Whittle & Harrel had ordered another
bill of goods from said company, amounting to $148.33, and this bill
was added to a new draft sent by said company, and without any ex-
planation the said Whittle & Harrel signed this new draft for the
amount of the original debt and the added bill, and the same was sent
to said company in the following words:

" '$1175.00.                    " 'CHICAGO, ILL., Dec. 2, 1889.

" 'Four months after date pay to the order of C. J. L. Meyer eleven
hundred and seventy-five dollars, with exchange, value received, and
charge to the account of        " 'C. J. L. MEYER & SONS CO.,
                                " 'By JULIUS P. MEYER, Treasurer.
" 'To Whittle & Harrel, Georgetown, Texas.'

"Indorsed across the face thereof were the words, 'Accepted, 12/20,
1889.'   'Payable at bank of Steele & Sparks, Georgetown, Texas.'
Signed, 'Whittle & Harrel.'

"That the said C. J. L. Meyer & Sons Co. signed their company name in the blank line left in the said first draft copied above, and sold the same in the open market in the city of Chicago to the appellee, the Hide and Leather National Bank, and that it paid therefor the sum of $1000, being its face value, less discount at 7 per cent for time until maturity, and that said bank had no notice that the name of said company had been so signed after it was sent, and had no notice of the fraud perpetrated in procuring said second draft.

"That said second draft was negotiated by said C. J. L. Meyer, and became the property of the Fond du Lac National Bank, of Wisconsin, for value, in due course of trade, and without notice of the previous draft.

"The only question of law involved in this appeal is, was the adding of the signature of the C. J. L. Meyer & Sons Co. to the draft sent said company by appellants unauthorized under the circumstances; and was the adding of such signature such material alteration as to subject said draft to the equitable defense of appellants in the hands of an innocent holder thereof, buying the same in the usual course of trade, for value and without notice?

"Appellants contend that said question should be answered in the affirmative, and appellee that it should be answered in the negative. The trial court held the draft negotiable, and gave appellee judgment against J. W. Whittle and M. Harrel, as partners under the firm of Whittle & Harrel, on the 10th day of August, 1891, for the sum of $1136.67; and if this court shall hold said draft negotiable and affirm the case, judgment may be rendered in this court for said amount, with legal interest, and on the appeal bond against W. E. Talbot and Mrs. A. Talbot, as sureties.

"T. B. COCHRAN, Attorney for Appellants.
"JOSEPH W. ROBERTSON, Attorney for Appellee."

*Opinion.*—The question should be answered in the negative. The accepted draft of Whittle & Harrel sent by them to C. J. L. Meyer & Sons Co., when signed by the latter in the space left for their signature, was upon its face a negotiable instrument. The acceptors, by intrusting the draft with the blank to Meyer & Sons Co. to pay a debt, gave them authority to fill the blank, and the instrument in such condition, coming into the hands of the bank before maturity, for value and without notice of any irregularity, constituted the latter a bona fide holder. Appellants authorized the alteration of the draft, and its circulation in its altered condition so far as innocent third parties were concerned, and were liable to the bank thereon, notwithstanding the bad faith of Meyer & Sons Co. 1 Am. and Eng. Encyc. of Law, 515, 516; Bank v. Neal, 22 How. (U. S.), 96; Violett v. Patton, 5 Cranch, 142; Huntington v. Bank, 3 Ala., 186; Orrick v. Colston, 7

Gratt. (Va.), 189; Bank v. McChord, 4 Dana (Ky.), 191.   See also 30
Ga., 492, and 2 Am. and Eng. Encyc. of Law, 339.

The judgment of the lower court is affirmed.

*Affirmed.*

Delivered June 13, 1894.

KEY, Associate Justice, did not sit in this case.