CASE 91—PETITION ORDINARY—MAY 19.

# Graham v. Louisville City National Bank.

APPEAL FROM JEFFERSON CIRCUIT COURT, CHANCERY DIVISION.

1. COMMERCIAL LAW—NOTES AND BILLS.—The holder of a negotiable note, endorsed by the payee and discounted by the payor, before he can recover thereon against the payee must allege that the indorsement by the payee was for the benefit and accommodation of the payor.

2. SAME.—In such an action it must be averred that the national bank where the note was payable was a banking corporation or-

[ 41 ]

ganized in this state and created and existing under and by virtue of the national bank act, so as to show the facts placing the note on the footing of a bill of exchange.

3. ABBREVIATIONS.—The use of the abbreviation instead of the word "national" in describing the bank at which a note is payable, is not fatal to the negotiability thereof; nor is the omission of the definite article "the" material when giving the name of the bank, although such article is prefixed to the name in its charter.

4. NEGOTIABLE NOTES—PRESUMPTION.—When it is necessary to negotiability that a note be payable at a bank in the State, and the note is made in the State, payable at a bank, it will be presumed that the bank is in the State.

MATT O'DOHERTY FOR APPELLANT.

1. There being no allegation in the pleadings, or evidence in the record, to show that the note was endorsed by appellant for the accommodation of John W. Graham, the plaintiff can not recover thereon as against appellant, the payor of the note having discounted it. Callahan v. First Nat. Bank, 78 Ky., 607.

2. Under our statute (sec. 21, chap. 22, General Statutes), before a promissory note can be placed on the footing of a foreign bill of exchange, it must appear that it was by terms made payable and negotiable at a bank incorporated in this State or organized in this State under a law of the United States.

3. The note not being legally placed on the footing of a bill of exchange, the signing of appellant's name on the back thereof only bound her as assignor. Sec. 14, chap. 22, Gen. Stats.

WILSON & GOLDSMITH FOR APPELLEE.

1. The note was negotiable and payable at the Citizens' National Bank and was discounted at the Louisville City National Bank, both of which institutions were organized in this State under the laws of the United States, and the note, therefore, was on the footing of a bill of exchange. Gen. Stats., chap, 22, sec. 21; Ky. Stats., chap. 27, sec. 483.

2. The presumption of payment where a negotiable note is in the hands of the payee and endorsed by him and subsequently was in the hands of the payor, will not be indulged where there is allegation and proof that the endorsement of the payee was for

Graham v. Louisville City National Bank.

the accommodation of the payor.    Callahan v. First National
Bank, 78 Ky., 604; Callahan, &c., v. Bank of Kentucky, 82 Ky.,
231.

3. The words Citizens "Nat." Bank will be construed to mean Citizens' National Bank, the abbreviation "Nat." being accepted by common usage for National.    Miller v. Powell, 16 Ind., 410; Locke v. Merchants' National Bank, 66 Ind., 353; Burroughs v. Wilson, 59 Ind., 536.

4. If it is necessary to negotiability that a note be payable at a bank in a State, and is made in a State payable at a bank, the presumption will be indulged that the bank is in the State.  Daniel on Negotiable Instruments, vol. 1, sec, 90, p. 100; McVeigh v. Bank, 26 Grattan, 830; Walker v. Wollon, 54 Ind., 154.

5. The word "the" in the name of a corporation is nothing but a prefix, and is not an essential part of the name.  Am. & Eng. Enc. of Law, vol. 25, p. 1019; De Riesenthal v. Walton, 66 Maryland, 470; Webster's Dictionary.

JUDGE HAZELRIGG DELIVERED THE OPINION OF THE COURT.

The note sued on by appellee was signed by John W. Graham, was made payable to the appellant, and by her endorsed with her name written across the back of it.   It was then left with the payor who was the son of appellant and he discounted it before maturity at appellee's bank, though it was negotiable and payable "at Citizens' National Bank."

The original petition was defective in not averring that this endorsement by appellant was for the benefit and accommodation of her son, the payor (Callahan v. First National Bank, 78 Ky., 604; Callahan v. Bank, etc., 82 Ky., 231), and in not making averments showing that the bank where it was payable was a banking corporation organized in the State of Kentucky and created and existing under and by virtue of the national bank act, etc., etc., so as to show facts placing the note on a footing of a bill of exchange.   (Section 21, chap. 22, Gen. Stat.)

Graham v. Louisville City National Bank.

These defects were subsequently cured by amendments to the petition, and the averments of the original and amended petition in so far as they were put in issue were established by testimony.

We do not regard the abbreviation occurring in the name "Citizens' National Bank" as fatal to the negotiability of the note.

By common usage the abbreviation in this connection means "national;" nor is the omission of the definite article "the" before "Citizens'" at all material, although such article is prefixed to the name of the organization in its charter. It is also argued that the location of the bank at which the note is payable is not indicated.

Mr. Daniel in his work on negotiable instruments, says:

"When it is necessary to negotiability that the note be payable at a bank in the State and the note is made in the State payable at a bank, it will be presumed that the bank is in the State." (Vol. I, section 90) McVeigh v. Bank of Old Dominion, 26 Grattan (Pa.), 830.

Judgment is affirmed.