## ROBERTS *vs.* ADAMS.

1. Where one signs his name to a blank piece of paper, with intent that it shall be filled up, as a note or endorsement, he is liable on the same, although the person intrusted with it shall violate the confidence reposed in him, by filling it up with another sum, or using it for another purpose, than the one intended.

2. Such a blank, is a letter of credit to any amount which the person to whom the same is confided, may choose to insert in it.

3. And if such a blank be obtained by a firm, when in existence, and be filled up by one of the partners after its dissolution, each partner will be liable to reimburse the moneys paid by the signer or endorser in blank to the holder.

4. Where one lends his name on an instrument in blank, to partners as their security, and by the negligence of one partner, and the fraud of the other, the lender is compelled to pay the sum inserted in the blank instrument—he is entitled to reimbursement from either of the partners.

5. *It seems*, however, that if a blank be entrusted to one for the

8 P.                                    38

purpose of inserting a limited sum in it, or to be used for a particular purpose, and it be filled up with a larger sum, or used for a different purpose, than that contemplated by the signer or endorser of the blank, and the facts be traced to the knowledge of plaintiff, at the time he acquires possession of the instrument, it will prevent a recovery.

Error to the Circuit court of Dallas.

Assumpsit tried before *Harris*, J. The action was brought to recover of defendant for money paid, laid out and expended, lent and advanced, for defendant by plaintiff: also for money by plaintiff paid as security for defendant, and one Henry Ross, on a note executed by Ross & Roberts, Alfred Roberts and plaintiff, dated Mobile, twenty-fifth February, eighteen hundred and thirty-four, payable sixty days after the date thereof, to White & Seymour, for eight hundred dollars. Also for money plaintiff had paid as security to defendant, and said Ross, in the note above described, on which note a judgment was rendered in the Circuit court, at the Spring term, eighteen hundred and thirty-six, against plaintiff and said Ross & Roberts, in favor of Phillips & Edwards, for nine hundred and twenty-three dollars 56 cts., besides costs, which judgment had been paid and satisfied by plaintiff.

On the trial of the cause, it was proved, that the defendant had been in partnership with one Ross, and that while so in partnership, the plaintiff had signed, as one of the securities, for the firm of Ross & Roberts, a blank, to be filled up with a note of five hundred or one thousand dollars, for discount at the Montgomery branch bank. The blank not being so used, remained in the drawer of the store house of Ross & Roberts, until after

their dissolution, when Ross had the closing of the business, and there was evidence conducing to prove, that Ross had, after the dissolution, filled up the blank with a note of eight hundred dollars, to White & Seymour, negotiable at the State branch bank at Mobile, in payment of a partnership debt. The plaintiff had been sued on this note so filled up, and the amount recovered and collected on execution.

The defendant asked the court, to charge the jury, that the plaintiff could not recover, if the blank had been filled up by Ross, after the dissolution, even to pay a partnership debt—which was declined by the court.

The plaintiff in error, assigned the refusal of the court to charge as desired, as error.

*J. B. Clarke,* for plaintiff in error.
*Phillips,* contra.

*J. B. Clarke,* for plaintiff in error. In this case, the questions for the court are—When did the liability on the note commence? Was it before or after the dissolution? When did the contract with White & Seymour on this note, originate? This does not present any question, as to the rights of an innocent holder, or innocent security, or publication of dissolution, as seems to be supposed by the counsel for the defendant in error; but the bare question—when was the contract made?—as to which, see Chitty on Bills, (Ed. 1836,) 53, 61; Kilgour vs. Finlyson, &c. 1 H. Black. 155; Wrightson vs. Pullan, 1 Star. R. 375; 2 Scr. & Lowber's R. 433; Wright, &c. vs. Pulham, 2 Chit. R. 121; 18 Eng. C. L. 271.

Roberts *vs.* Adams.

The case of Abel vs. Sutton, (3 Esp. R. 108,) is considered full to the point, that Ross could not fill up the note after the dissolution, so as to bind Roberts. In the appendix to the above edition of Chitty on Bills, 845, there is also a note of a case in 3 Vermont R. which is considered identical in principle, if not in fact.

*Phillips,* for the defendant in error. The note in question was signed in blank, and though filled up by the principal maker for a larger sum, and for a different purpose than was understood by the security (Adams) at the time he signed the paper. It was competent for the principal to do so, and the case being free from fraud, the note is available in the hands of an innocent holder —(See Chitty on Bills, 33, and note, last edition; 2 Con. Rep. Sup. Court U. S. 214; 4 Campbell's R. 97; 4 Mass. R. 45; 1 Selwyn's N. P. last edition, 289; Chitty on Bills, 313, last edition.)

No notice of the dissolution of the co-partnership having been given, it was competent for one member to bind the firm, more especially with one who had had previous dealings with the concern—(See Collyer on Partnership, 310, 311; Chitty on Bills, 58, 59; 6 Cowen's R. 701.)

The defendant (Adams) having paid the debt as security of Ross & Roberts, and not being privy to the filling up of the note by Ross, he is certainly entitled to recover of Roberts, as the money was paid on account of the co-partnership.

GOLDTHWAITE, J.—It is insisted by the counsel for

Roberts *vs.* Adams.

the plaintiff in error, as the note signed by Ross & Roberts, and the defendant in error, was put in circulation after the dissolution of the partnership, that it was not binding on Roberts, and consequently, that he is not liable to reimburse the defendant in error. We do not consider this as the question presented by the facts stated in the bill of exceptions. Adams became the security at the request of the partners, and if he was placed in a situation in. which the amount of the note could be legally recovered from him, there can be no doubt but that each of the partners is liable to refund him the money he has paid.

It would not have availed him as a defence to the note, when sued by White & Seymour, or their endorsee, to have proved every fact which is stated, unless he could have brought home to the plaintiff in that action, a knowledge of the circumstances under which his signature to the blank note was obtained, and no such knowledge is pretended. No rule can be better settled, than the one which determines that he who signs his name to a blank piece of paper, with intent to be filled up as a note or endorsement will be liable, although the person entrusted therewith, shall violate the confidence reposed in him, by filling it up with another sum, or using it for another purpose than the one intended—(Collis vs. Emett, 1 Hen. Black. 313; Russel vs. Langstaffe, Doug. R. 496; Snaith vs. Mingay, 1 M. & S. R. 87; Crutchly vs. Mann, 5 Taunt. R. 529; Pasmore vs. North, 13 East. R. 517; Crutchley vs. Clarence, 2 M. & S. R. 90; Brahan vs. Ragland, 3 Stewart, 247; Violett vs. Patton, 5 Cranch, 142; Mitchell vs. Culver, 7 Cowen, 336; Putnam vs. Sullivan, 4 Mass. R. 45.)

If it was admitted that Roberts was not liable on the note, to a *bona fide* holder of it, because of the want of authority in his partner to bind him at the time it was filled up, this would not change the aspect of the case, as the defendant in error would clearly be liable to such a holder; as the blank signed by him was a letter of credit to any amount which those to whom he confided it might choose to insert in it. The case does not differ in principle from one in which the *name* of the defendant in error should appear as the only signature to the note. In such a case, if borrowed or obtained by the firm when in existence, and filled up by one of the partners after its dissolution, each partner, it is conceived, would be liable to reimburse the money paid, because the credit and confidence was given to the partnership, and not to the individual.

We do not advert to the fact, that the note was passed away in payment of a debt, for which Roberts was unquestionably bound in law, it having been contracted during the continuance of the partnership. This debt has, in effect, been paid by Adams; but however strong this equitable ground may appear, we prefer that our decision shall rest on the sole ground, that Adams lent his name to the partners, as their security, and that they by their acts, (the negligence of the one, and the fraud of the other,) have caused him to pay the amount recovered against him. He is clearly entitled to reimbursement from either partner.

Let the judgment be affirmed.