## HERBERT v. HUIE.

1. Where one person intrusts another with his blank signature to be filled up for a particular sum, and to be used in a particular manner, if that confidence is abused and the paper is filled up for a larger amount and used in a different manner, he will be responsible to a *bona fide* holder for the amount for which it is filled up.

2. In such a case, the implied authority is given to the holder, to fill up the paper for any sum which he may have advanced upon it in good faith, and in ignorance of any fact which should have put him on enquiry.

3. If a court correctly refuses to charge the jury, and then give a charge wrong in point of law, it will be error, but the court is not bound of its own mere motion to charge the jury on points not mooted before it, or argued to the jury.

Error to the circuit court of Lowndes County.

THE action in the court below was on a promissory note, of which the plaintiff in error was the maker. On the trial below a bill of exceptions was taken, from which it appears that the plaintiff in error signed his name to a blank piece of paper, and handed the same to one John G. Porter, and authorized him to fill it up with the sum of one thousand dollars, payable to some bank in Mobile, but was not indebted to the said Porter. This blank was, by Porter & Ryan, handed to the firm of Ross & Ford in Mobile, for the purpose of making a note to be used in bank, for the benefit of Porter & Ryan,—having endorsed it in blank. That the said note was filled up by a clerk of Ross & Ford, under the direction of Ford, for five thousand two hundred and sixty-eight and thirty-five one hundreths dollars, and passed to the credit of Porter & Ryan on their books ; Porter & Ryan being largely indebted to said firm. Ross & Ford being indebted to the defendant in error, handed him the note thus filled up, as collateral security, for the payment of their debt to him. The plaintiff in error was not indebted to, and was unknown to Ross & Ford, having never had any dealings with them. Upon this testimony the plaintiff in error (defendant below) moved the

court to charge the jury that if they believed, from the evidence, that the note was filled by one not authorized by the defendant, and for a greater sum and in a different manner from his directions, without his knowledge or consent, that it was a fraud upon the defendant, and that the defendant could make that defence under the statutes of the State, and was entitled to his equity, which charge the court refused to give.

The defendant further asked the court to chai ge the jury that, though Porter might have filled up said note for any amount contrary to the agreement with said defendant, and bound the defendant thereby, yet neither Porter, nor Porter & Ryan, by their endorsement could authorize Ross & Ford or their clerk, to write a note over the signature that would bind the defendant, and that if the jury believed that the blank was given to Porter with authority to him to fill up a note for one thousand dollars, and that said Porter did not fill up said note, but afterwards, and while it was in blank, wrote the name of Porter & Ryan on the back of the note, and delivered it to Ross, or Ross & Ford in blank, and that after the said Ross & Ford, received the said blank in Mobile, it was filled up by their clerk for the amount specified in the note, that the plaintiff under this state of facts, and the whole testimony in the cause, could not recover—which charge the court refused to give ; and the court then charged the jury that, if the defendant gave his said blank to said Porter, and said Porter & Ryan endorsed their names on the back of it, it was then a letter of credit, and that any person into whose hands it might come *bona fide*, and for a valuable consideration, might fill it up for any amount given for the note, and recover against the defendant.   To the refusal to charge, and to the charge as given, the defendant below excepted, and now assigns ior error the matters set forth in the bill of exceptions.

HOPKINS & DARGAN, for the plaintiffs in error.
J. L. MARTIN, contra.

ORMOND, J.—The law is well established, and is admitted by the counsel for the plaintiff in error, that if a note is signed

in blank and entrusted to another, in the confidence that it shall be filled up for a particular amount, or used in a particular mode, and that confidence is abused by the insertion of a larger amount, or by making an improper use of the instrument, that the instrument will, notwithstanding, be valid, in the hands of a *bona fide* holder for a valuable consideration.

But it is insisted that the present case is distinguishable from that, because in this instance, the note was not filled up by Porter, to whom the blank was delivered, and in whom the confidence was reposed. The argument is, that the authority to fill up the note is given to Porter alone, and that the power can not be delegated.

It is true, that when a blank note is signed and delivered to another, for the purpose of being filled up, authority must, of necessity, be conferred to do the act, without which the note could be of no value ; but to deduce from this presumption an argument that the note when filled up and in the hands of a *bona fide* holder, can be sustained alone on this ground, is not correct. The rule by which a recovery in such a case is allowed, stands on a much broader ground—and may be thus stated. That where one of two innocent persons must sustain a loss, he must bear it who is most in fault. If, by misplaced confidence, one enables another to commit a fraud, it is but just he should pay the penalty of his own indiscretion : and that the loss should not be visited on another who, has vested his money on the faith of the genuineness of his signature, without the means of ascertaining the fraud which had been committed.

These being the principles which govern the case, it follows that, the implied authority is given to the holder to fill up the note, with any amount which he may have advanced on it, in good faith, and without the knowledge of any fact which might lead to an inquiry and expose the fraud.

This principle as has been stated is well settled and to permit it now to be questioned, would be of most mischevious consequence. [See Brahan & Atwood *vs* Ragland, 3 Stewart 247 ; Putman *vs* Sullivan, 4th Mass. 45 ; Violett *vs* Patton, 5th Cranch

Herbert v. Huie.

142; Russell *vs* Lanstuffer, Douglass Rep. 496, and Roberts *vs* Adams and cases there cited, 8th Porter 297.]

It is also maintained, that as the defendant in error received the note, as collateral security for the payment of an existing debt due from Ross & Ford to him and gave no other consideration for it, that he cannot be considered a *bona fide* holder for a valuable consideration. This is an objection entitled to great weight, and would, perhaps, be decisive of this question, if the predicament of the record was such as to permit it now to be made.

Neither of the charges moved for by the plaintiff in error raised this question before the jury, they are both predicated on the idea that the note was void, because not filled by Porter, to whom the blank was entrusted, and therefore,. properly refused. But it is supposed that the charge given by the court, authorizes this point to be made here. The charge of the court merely states the law as laid down in this opinion. It is true, the court say, that to enable the plaintiff to recover, he must be a *bona fide* holder for a valuable consideration, but whether the facts, if true, would constitute him a *bona fide* holder for a valuable consideration, was a question not raised before the court, or argued to the jury, so far as we can judge, from anything appearing on the record.

If the court refuse to give a charge, improperly asked for, and then charge the jury wrong in point of law, the case must be reversed. But that is not the fact, here the charge is right, and the objection, in effect, is that the court did not inform the jury of its own mere motion what constituted a *bona fide* purchase or holder for a valuable consideration. This the court was under no obligation to do. The consideration of that matter as would appear from the record, was waived by the party interested in its ascertainment.

The verdict of the jury has ascertained that the defendant in error was a *bona fide* holder of the note, for a valuable consideration, and it is not the province or duty of this court to examine the facts set out in the record, and revise their decision.

There is no error in the record, and the judgment must be affirmed.