## DECATUR BANK v. SPENCE.

1. A party who signs his name to a note in blank, with the understanding that it shall be filled up with a particular amount, or be used in a particular mode, is liable upon the note, to a party who receives it in ignorance of the agreement, and pays a valuable consideration for it, whether it be an advance of money or the extinguishment of a debt.

Error to the Connty Court of Morgan.

MOTION by the Bank against the defendant, on a note for $4,355 91, made by N. Scales, as principal, and the defendant and another as sureties.

An issue being made up between the parties, and submitted to a jury, evidence was introduced tending to show, that the note sued upon was signed by the defendant, the amount to be paid being left blank. That it was signed with the agreement, between Scales, the principal, and the defendant, that it should be filled up with the sum of $2,000. That it was taken to the bank by Scales, and filled up by the discount clerk, for $4,355 92, the defendant having no notice of the amount so inserted. That the note was filled up for the entire amount of Scales' liabilities, both as principal debtor and as surety for others, which then existed in judgment against Scales. That the bank advanced no money, or thing in the purchase of the note.

Thereupon the court charged the jury, that if Spence sign-

ed the note when it was in blank, as to the amount to be paid, with the understanding and agreement between him and Scales, that it should be filled up with the sum of $2000, and the plaintiff had advanced no money, or other thing, in its purchase, but had filled it up for the amount of Scales' pre-existing indebtedness, as aforesaid, without the consent or authority of defendant, then it could not recover, although it had no notice of the agreement between defendant and Scales. To which the plaintiff excepted, and which is now assigned as error.

L. P. WALKER, for plaintiff in error.

A blank note will bind the person who signs it, to any sum which the person to whom he intrusts the paper, chooses to insert in it, and it makes no difference, whether the note is negotiated in payment of a pre-existing debt, or for a new monied consideration. [8 Porter, 297 ; 1 Ala. Rep. 18; 3 Id. 188 ; 6 Id. 244 ; 16 Peters, 1 ; 2 Id. 182 ; 20 Wend. 499 ; 24 Id. 115 : 1 Bing. N. C. 469 ; 4 Shipley R. 177 ; 3 Kent's Com. § 44 ; 4 Bing. 496 ; 1 Stark. R. 1 ; Story on Prom. Notes, 215 ; Bayley on B. 499 ; 11 Conn. 388.]

· CHILTON and S. PARSONS, contra. Under the facts of the this case, the presumption is, that the note was taken by the bank as collateral security. It does not appear to have been received in payment or satisfaction of the judgments against Scales, or that any new consideration was given for it, it is not therefore binding on Spence, whose confidence was abused by Scales. [2 V. & B. 416 ; 4 Ala. 22 ; 11 N. H. R. 66 ; 9 B. & C. 206 ; Chitty Jr. 1419 ; Chitty on Bills, 81 ; 3 Chitty's Com. Law, 131 ; 1 Ala. 21 ; 3 Price, 38 ; 2 Bos. & P. 518.]

ORMOND, J.—It has frequently been held by this, as well as other courts, that when one intrusts another with his signature to a note in blank, upon an agreement between them, that it is to be filled up with a certain amount, or to be used in a particular mode, and this contract is violated, either by the insertion of a larger amount, or by using the instrument

in a way not contemplated by the party signing it, if the person receiving it is ignorant of the fraud which has been committed, and gives a valuable consideration for the paper, he may recover upon it. This principle has been so frequently decided in this court, that it is only necessary to refer to the cases in which the rule is expounded. See Roberts v. Adams, 8 Porter, 297 ; Herbert v. Huie, 1 Ala. 18 ; Huntington & Sims v. The Branch Bank at Mobile, 3 Ala. 186 ; Leary v. Nance, 5 Ala. 370.

This p.inciple is not directly controverted by the defendant's counsel, but he insists that the bank took the paper as collateral security merely, and is not entitled to recover from the defendat, upon whom a fraud has been practised, by the abuse of his confidence, although the bank was not privy to, or participating in it.

Upon what consideration the Bank received the note, whether in satisfaction of the judgment, or as a condition of delaying payment, or as collateral security, we are not informed by the record. Nor could the jury have entered upon such an inquiry, if such had been the proof, as they were instructed by the court, that if the agreement between Scales and the defendant was violated, by the insertion of a larger sum than was stipulated between them, the Bank could not recover on the note, though ignorant of this secret agreement. This charge rendered any inquiry into the consideration paid for the note, by the Bank, entirely useless ; and the charge being clearly erroneous, the judgment must be reversed and the cause remanded.