WEED SEWING MACHINE COMPANY VS. OBERREICH, imp.

38 325
102 43|

SURETY. (1) *Extension of time to principal without surety's consent discharges surety.* (2) *Extension inferred from complaint.*

1. An extension of the time of payment of a debt, granted to the principal debtor without the consent of the surety, discharges the latter.
2. Action on W.'s bond, executed by his codefendants as sureties, conditioned that W. would pay for all machines furnished him by plaintiff

Weed Sewing Machine Company vs. Oberreich, impleaded.

(under a certain contract) when the price should become due, or within thirty days after notice given W. of default in such payment. The complaint avers that there was *due* plaintiff from W. on July 15, 1871, a certain sum on account of machines so furnished him, and that plaintiff took W.'s note for that amount, payable three months after that date, with ten per cent. fee if it should be collected by attorney; and the breach of the bond assigned is, nonpayment of said note by W. at its maturity or within thirty days after notice given him of his default, and nonpayment of the stipulated attorney's fee; and there are no averments showing that such note was given merely as collateral to the original debt, or under circumstances which left plaintiff at liberty to bring an action on such debt before the maturity of the note. *Held*, on demurrer,

(1) That it must be inferred from the complaint that the time for payment of the original debt was *extended* by the note.

(2) That the complaint therefore shows on its face that the sureties were discharged, there being no averment that they consented to such extension.

APPEAL from the Circuit Court for *Sheboygan* County.

The complaint states, in substance, that the plaintiff company, by its agent, one Thomas, agreed to furnish defendant *Walther* (who was about to enter upon the business of buying and selling sewing machines), with machines manufactured by it, for the purposes of his business; that thereupon *Walther* as principal, and the other defendants as sureties, executed a bond in the penal sum of one thousand dollars, in which Thomas was named as obligee and described as the agent of the plaintiff, and which was conditioned that *Walther* should pay for all goods furnished him under such agreement, when the price therefor should become due, or within thirty days after notice of default in such payment. A [copy of the bond is inserted in the complaint, with averments showing that the bond, although running to Thomas, was executed and delivered to the plaintiff: that the latter is the owner thereof and the sole party in interest; and that Thomas never had any interest therein. The remaining material allegations of the complaint are sufficiently stated in the opinion.

The defendant *Oberreich* demurred to the complaint, on the

ground that it did not state facts sufficient to constitute a cause of action, and appealed from an order overruling his demurrer.

*Conrad Krez,* for appellant, contended that, assuming the action to be brought by the proper plaintiff, the complaint was still defective because it failed to assign a breach of the condition of the bond. That condition was, that *Walther* should pay to Thomas the money for goods sold and delivered, at the time it became due and payable, or, in default thereof, should pay within thirty days after notice of such default. The only allegation of anything due to plaintiff is, the allegation that part of the note described in the complaint is unpaid, with ten per cent. attorney's fees for collecting; and the only failure to pay alleged, is the failure to pay the note. It is a well settled rule of law, that the breach of the condition must be alleged with precision and certainty, and cannot be left to inference. *Carpenter v. Alexander,* 9 Johns., 291. The complaint further fails to show a cause of action against appellant, because it shows that the creditor granted to the principal an extension of the time of payment, by an agreement which was binding upon him, and more beneficial to him than the original contract. *Riley v. Gregg,* 16 Wis., 667.

*Bentley & Seaman, contra,* contended that there was nothing in the complaint to show that the note was taken as payment for the machines sold, but it was apparent throughout the complaint that the amount claimed was for goods sold. Taking a debtor's note is no payment, unless expressly so agreed. *Ford v. Mitchell,* 15 Wis., 304; *Eastman v. Porter,* 14 id., 39; *Webster v. Stadden,* id., 277; *Lindsey v. McClelland,* 18 id., 481; *Williams v. Starr,* 5 id., 534; *Paine v. Voorhees,* 26 id., 526. In this case the complaint shows the note to have been given for a debt incurred at the time. Even had it been given subsequently, without an express showing that it was taken in payment, the contrary would be presumed, under the above authorities. In *Paine v. Voorhees, supra,* the cases which hold an implied suspension of the remedy are noted and distin-

guished; and the rule is quoted as authority, that " the taking a bill or note from a party bound by a contract under seal, does not extinguish or suspend the remedy on the specialty, unless the bill or note is actually paid."

LYON, J.   We think the averments of the complaint sufficiently show that, although the plaintiff's agent, Thomas, is named in the bond as obligee, the plaintiff is, and from the inception thereof has been, the owner of the bond and the real party in interest, and may maintain an action thereon in its own name without alleging an assignment from Thomas.   But we do not care to discuss this proposition at the present time, because we have reached the conclusion that, as to the sureties, the complaint is fatally defective.

It is not disputed that if the time of credit was extended by the plaintiff without the consent of the sureties, on any sum which had become due for machines sold to *Walther* under the contract between him and the plaintiff, the sureties were thereby discharged from liability on the bond for such sum.   We think the complaint shows on its face that there has been such an extension of credit in the present case; and there is no averment that the sureties consented thereto.

It is alleged in the complaint that there was *due* the plaintiff, July 15, 1871, from *Walther*, the sum of $329.56 on account of machines sold and delivered to him by the plaintiff, and that the latter took the note of *Walther* for that amount, dated on that day, and payable three months after date.   The note also provides for the payment of ten per cent. fees if the same shall be collected by attorney.   The breach of the condition of the bond assigned in the complaint is the nonpayment of the note (except $100) at maturity, by *Walther*, or within thirty days after notice to him of such default, and also the nonpayment of the stipulated attorney's fees.   The complaint contains no averment that the contract between the plaintiff (or its agent Thomas) and the defendant *Walther* provided for a credit of

three months for the price of machines sold and delivered to the latter, or a credit for any other specific time. On the contrary, the fair inference is that no such credit was stipulated for, because the complaint shows that the price of machines so sold and delivered after June 29th, and on or before July 15th, was *due* on the latter day.

Neither is it stated in the complaint that the note was given merely as collateral to the original debt, or under circumstances which left the plaintiff at liberty to bring an action on such original debt before the maturity of the note. From the fact that nonpayment of the note, and not of the original debt, is assigned as the breach of the condition of the bond, the inference may fairly be drawn that the time of payment of the original debt was extended by the note, and that it was so intended by the plaintiff and *Walther*.

We are therefore unable to say, in view of the averments of the complaint, that the plaintiff could have maintained an action for the money which was due July 15th, before the maturity of the note which it received therefor; and because we are unable so to hold, the case is entirely different in fact and principle from that of *Paine v. Voorhees*, 26 Wis., 526, which is much relied upon by the learned counsel for the plaintiff.

Inasmuch as it is not claimed that the sureties consented to any extension of credit, the complaint in its present form fails to state a cause of action against the sureties; and the demurrer thereto should have been sustained.

*By the Court.*— The order overruling the demurrer is reversed, and the cause remanded for further proceedings.

RYAN, C. J., took no part in the decision of this cause.