THE JOHNSTON HARVESTER COMPANY vs. McLEAN, imp.

*February 26 — March 13, 1883.*

PROMISSORY NOTE. *(1) Taking note on agreement to compound felony: evidence. (2, 3) Filling blank with larger sum than authorized: when maker liable. (4) Figures in corner no part of note. (5) Consideration: extending time to pay debt.*

1. Evidence that one maker of a note told the other, an accommodation maker, that he wanted the latter to sign the note to prevent the payee from making him trouble for embezzlement in the use of funds, is insufficient to justify a finding that the payee received the note upon a corrupt and criminal agreement not to prosecute for such embezzlement.

2. One who signs an instrument for the payment of money only (whether negotiable or not), leaving the amount blank, and intrusts it to another with authority to fill the blank with an agreed sum, will, as to third persons having no knowledge of the limitations of such authority, be bound by the act of the person to whom the instrument was intrusted, although he fills the blank with a larger sum than that agreed.

3. So *held* where A., as accommodation maker with B., signed a note upon the upper left-hand corner of ·which were the figures $45, but the amount of which was left blank with the understanding that B. should fill the blank so as to make it a note for forty-five dollars, and, before delivering the note to the payee and without the knowledge of the latter, B. filled the blank with the words "four hundred and fifty dollars " and annexed a cipher to the figures $45.

4. The figures in the corner of such note were no part thereof, and an unauthorized change in them did not vitiate the note.

5. One who takes the note of his debtor for the amount of a debt then past due, especially if such note is signed or indorsed by a third person and payable at a future day, will be presumed to extend the time for the payment of the debt until the day fixed in the note; and such extension is a valuable consideration for the note and places the creditor in the position of an innocent holder thereof for value.

APPEAL from the Circuit Court for *Brown* County.

The case is thus stated by Mr. Justice TAYLOR:

" The respondent brought its action against the appellant and P. H. McLean upon. an instrument in writing, of which the following is a copy:

" ' $450.00  W. O. No. 12409.   ALLOUEZ, September 20, 1878.

" ' On or before the 1st day of December, 1879, for value received, we, the undersigned, of the town of Allouez, county of Brown, state of Wisconsin, promise to pay to the order of the *Johnston Harvester Company*, four hundred and fifty dollars, payable at Kellogg National Bank, of Green Bay, with interest at ten per cent. per annum until due, and ten per cent. after due, without relief from exemption, valuation, or appraisement laws of this state.   And if not paid when due, and suit is commenced upon this note, I promise to pay $10 as attorney's fees, in addition to the taxable costs; and it is further agreed that this note shall be due on demand if the maker attempts to move out of said county.

" ' THOMAS McLEAN.

" ' P. H. McLEAN.'

" The appellant answers separately, and 'denies that he ever either jointly with the defendant P. H. McLean, or otherwise, made, signed, executed, or delivered to the plaintiff or any other person or persons the note set forth in plaintiff's complaint, or any other note.'

" Upon the trial the respondent introduced P. H. McLean, the supposed co-maker of the said note, as a witness on its behalf. He testified that the appellant signed the said note in his presence, at his request, and for his accommodation; that the said note was in the same shape in every respect when signed by the appellant as when introduced in evidence on the trial. The appellant, on his own behalf, testified that he signed a note for the accommodation of P. H. McLean, at his request, but that the note he signed, and which P. H. McLean requested him to sign, was a note for $45 only; that where the words 'four hundred and fifty' now appear in said note was a blank at the time he signed the same; and that the only figures and characters at the top and left-hand corner of the note were '$45,' and possibly '00' to the right of the figures '45,' thus: '$45.00.' He declares that P. H. McLean only requested him to sign a note for $45, and that he would not have signed one for $450 had he been requested so to do. P. H. McLean testified that he told the appellant, when he requested him to sign the same, 'that he wanted him to sign the note to prevent them [the respondent] from making him trouble for embezzlement in the use of funds.'

" At the request of parties the jury found a special verdict as follows: '(1) Has the note in question been altered since its execution by writing a cipher between the figures "45" and the two right-hand ciphers at the top of the note?' The jury answer 'Yes.' '(2) Has the note in question been altered since its execution by writing the words "four hundred and fifty" in the body of the note without the consent of the defendant *Thomas McLean?*' The jury answer

'Yes.' '(3) Was the note in its present condition when it was received by the plaintiff?' The jury answer 'Yes.' '(4) When the plaintiff received the note did they know of any change having been made in it?' The jury answer 'No.' The fifth and last question was as to the amount of the principal of the note, with interest at ten per cent. per annum from September 23, 1878, until the date of the verdict. The jury found the amount $585. Upon this verdict the circuit court rendered judgment for the plaintiff for the amount of the note, with interest at ten per cent., and from the judgment so entered the defendant *Thomas McLean* appeals to this court."

For the appellant there was a brief by *Hudd & Wigman*, and oral argument by *Mr. Hudd*. They contended, *inter alia*, that the figures in the margin were a part of the note, and their alteration was material. *Kilkelly v. Martin*, 34 Wis., 529; *Wait v. Pomeroy*, 20 Mich., 425; *Benedict v. Cowden*, 49 N. Y., 396. The plaintiff does not occupy the position of a *bona fide* holder for value. The note having been given for a pre-existing indebtedness, there was no new consideration. *Bowman v. Van Kuren*, 29 Wis., 209; *Body v. Jewsen*, 33 id., 402. And the note was not a negotiable instrument. *Jones v. Radatz*, 27 Minn., 240; *Garretson v. Purdy*, 14 N. W. Rep., 100; *Morgan v. Edwards*, 53 Wis., 611.

For the respondent there was a brief by *Hastings & Greene*, and oral argument by *Mr. Hastings*. To the point that, by executing the instrument with blanks for the amount, the appellant made P. H. McLean his agent to fill in such blanks, and is liable to an innocent holder although such agent may have exceeded his authority, they cited: Cases of notes — *Redlich v. Doll*, 54 N. Y., 234; *Bank v. Kimball*, 10 Cush., 373; Story on Bills, sec. 222; *Snyder v. Van Doren*, 46 Wis., 602; *Schryver v. Hawkes*, 22 Ohio St., 308; *Hardy v. Norton*, 66 Barb., 527; *Frazier v. Gains*, 58 Tenn.,

92; *Waldron v. Young*, 9 Heisk., 777. Generally — *Smith v. Supervisors*, 59 Ill., 412; *Ragsdale v. Robinson*, 48 Tex., 379; *State v. Pepper*, 31 Ind., 76; *McCormick v. Bay City*, 23 Mich., 457; *Butler v. U. S.*, 21 Wall., 272; *State v. Peck*, 53 Me., 284; *Van Etta v. Evenson*, 28 Wis., 33; 2 Wall., 24; 8 Am. L. Reg., 665. This principle is not peculiar to negotiable paper. *Frazier v. Gains*, 58 Tenn., 96.

TAYLOR, J. The learned counsel for the appellant claims as one ground of error that the evidence shows that the note was given by P. H. McLean to the plaintiff to satisfy it for money which he had embezzled from it while acting as its agent. There is very little, if any, evidence upon that question. The only evidence in the case bearing upon it at all is the statement made by P. H. McLean that he told *Thomas McLean* " he wanted him to sign the note to prevent them [the respondent] from making him trouble for embezzlement in the use of funds." This is hardly sufficient to justify either a court or jury in finding that the plaintiff received this note upon a corrupt and criminal agreement not to prosecute said P. H. McLean for embezzlement of its funds. We know of no law which prevents a party, whose funds have been embezzled by his agent, from demanding and receiving from such agent payment of the funds so embezzled, or from taking security for the payment of such money. There is no evidence in this case which has the most remote tendency to bring the case within the decisions of this court cited by the learned counsel. *Swartzer v. Gillet*, 2 Pin., 238; *Fay v. Oatley*, 6 Wis., 42; *Ætna Ins. Co. v. Harvey*, 11 Wis., 394; *Melchoir v. McCarty*, 31 Wis., 252; *Barker v. Barker*, 14 Wis., 131; *Allard v. Lamirande*, 29 Wis., 502.

It is urged by the learned counsel for the appellant that the special verdict does not cover the whole case, and is not sufficient to justify a judgment in favor of the plaintiff.

The Johnston Harvester Co. vs. McLean, imp.

We think the special verdict covers all the disputed facts in the case. There is no pretense on the part of the appellant that he did not in fact sign the note given in evidence. His only claim is that he signed the note with the understanding that it was a note for $45 instead of for $450, as it now appears to be.

There was a dispute on the trial as to the fact whether the note was filled up in the shape it appeared when presented at the trial, when the appellant signed it. The other maker of the note testified that it was filled up as it now appears when the appellant signed it, and the appellant testifies that it was not so filled up, and that the place where the amount of the note is now written in was a blank when he signed it, and that the figures $45 were at the top left-hand corner of the note, with perhaps two ciphers, ".00," to indicate that there were no cents. The jury have found the fact to be as testified to by the appellant, and they have also found in substance that the note when received by the respondent was in its present form, and that they [the officers of the respondent] had no knowledge that any change had been made in said note after it was executed by the appellant and before it was received by them. Taking the facts as found by the jury and we have this case. The appellant, in order to accommodate P. H. McLean, a co-maker of the note in question, and enable him to arrange his accounts with the respondent, signed the note in question, leaving the amount thereof in blank, with the understanding that the blank should be filled by P. H. McLean so as to make it a note for $45 and no more, and in violation of such understanding he filled the blank with "four hundred and fifty dollars," and annexed a cipher after the figures "$45," in the upper left-hand margin of the note, before delivery to the plaintiff, and that such change was made without the knowledge of the plaintiff.

The learned counsel for the appellant claims that the filling

up of the note by P. H. McLean contrary to the understand-
ing with the appellant was a forgery of the note, and, that,
consequently, it is void in the hands of the respondent as to
the appellant.   On the other hand, it is claimed by the re-
spondent that, having executed the note in blank as to the
amount, with authority to P. H. McLean to fill the blank
with the sum for which it was intended to be given, he was
the agent of the appellant for that purpose, and could lawfully
fill such blank in order to perfect the same as it was agreed
it should be, and that having authority to fill the blank in the
note with the particular sum agreed upon, his afterwards
filling it with a different sum was not a forgery of the note,
but a breach of his duty as the agent of the appellant, for
which his principal must suffer, rather than an honest holder
of the note.   Having executed the note in blank as to the
amount with the intention that the blank should be filled
before being negotiated by the person in whose possession he
placed it after signature, third persons dealing with the per-
son in possession have the right to presume that the author-
ity to fill the blank was a general and not a special authority,
and they are not bound by any private instructions as to the
amount which should be inserted in the note.

This latter view of the case was taken by the learned cir-
cuit judge, and he gave judgment for the plaintiff.   We
are of the opinion that this is the correct law of the case as
declared by this court in *Snyder v. Van Doren*, 46 Wis., 602,
and cases cited on p. 610; *Walker v. Ebert*, 29 Wis., 194–199;
*Blank v. Spence*, 9 Ala., 800; *Frazier v. Gains*, 58 Tenn.,
92; *Johnson v. Blasdale*, 1 S. & M. (Ky.), 17; as well as in
the long lists of cases cited by the learned counsel for the
respondent in their brief.   This rule, almost universally
adopted, is clearly stated in the case of *Bank v. Neal*,
22 How., 107, as follows: "When a party to a negoti-
able instrument intrusts it to the custody of another with
blanks not filled up, whether it be for the purpose to accom-

modate the person to whom it was intrusted or to be used for his own benefit, such negotiable instrument carries on its face an implied authority to fill up the blanks and perfect the instrument; and, as between such party and innocent third parties, the person to whom it was intrusted must be deemed the agent of the party who committed such instrument to his custody; or, in other words, it is the act of the principal and he is bound by it."

The learned counsel for the appellant does not seriously controvert the law as above stated, but insists that it is not applicable to the case at bar — *First,* because there was an alteration of the figures in the margin of the note which was unauthorized, and therefore vitiates the note. The answer to this objection is that the figures were not a part of the note; and, further, that if any alteration of the figures was made, such alteration was not known to the parties receiving the note, and there was nothing on the face of the note which would indicate that such alteration had been made. 2 Parsons on Notes & Bills, 546; *Poorman v. Mills,* 39 Cal., 345–356; *Schryver v. Hawkes,* 22 Ohio St., 308; *Smith v. Smith,* 1 R. I., 399; *Reiley v. Dickens,* 19 Ill., 29; *Garrard v. Lewis,* 27 Alb. L. J., 130; 47 L. T. Rep. (N. S.), 408.

*Second.* It is insisted that the rule as above stated does not apply to the case at bar, because the instrument executed by the appellant is not a negotiable note or bill. If it be admitted that the note sued is not negotiable, still the rule is the same as to the liability of the person signing the same in blank. See *Vliet v. Camp,* 13 Wis., 198–205; *Van Etta v. Evenson,* 28 Wis., 33; *Frazier v. Gains,* 58 Tenn., 92–96. If the contract upon which suit is brought be not a negotiable promissory note within the meaning of the law, it is a contract for the payment of money only, and the amount to be paid having been left in blank by the appellant when he signed it, and having given his co-defendant the right to fill the blank, he must be treated as the agent of the appellant

for the purpose of filling the same; and as to third persons, having no knowledge of the limitations of the agency, the law presumes the agency a general one for that purpose.

*Third.* It is urged with great ability by the learned counsel for the appellant that the plaintiff is not an innocent holder of the note for value, and therefore the appellant may defeat a recovery on the note by showing want of authority in fact on the part of his co-defendant to fill up the note for the sum of $450, or, if he cannot defeat a recovery altogether, he has a right to limit the recovery to the amount for which he intended to make himself liable; that as to this plaintiff he stands in the same condition as though it had notice of the limitation of the power granted to his agent in regard to filling the blank in the note.

The evidence clearly shows that the appellant signed the note as an accommodation to the other maker of the same, for the purpose of giving the note credit, and for the purpose of being used by his co-maker in the settlement of a debt due from him to the respondent; and the fair inference from the evidence is that it was used for that purpose. If the respondent took the note in full payment and satisfaction of its claim against the other maker of the note, then very clearly it was an innocent holder for value. But this court has held that the acceptance of a promissory note, although it be the note of a third person, by the creditor from the debtor, for the amount of a pre-existing debt, is not of itself evidence that it is taken in payment of such debt, but that it is taken as security for such debt; and the respondent cannot, therefore, upon that theory be held to be an innocent holder for value. There is, however, another presumption which results from the taking of a note of the debtor for the amount of his debt then past due, especially when signed or indorsed by a third person and payable at a future day, viz., that the creditor extends the time for the payment of the debt until the day of payment

fixed in the note so received for the amount thereof. *Weed S. M. Co. v. Oberreich*, 38 Wis., 325; *Robinson v. Dale*, id., 333; *Paine v. Voorhees*, 26 Wis., 522–530; *Blunt v. Walker*, 11 Wis., 334–350; *American Button-Hole Co. v. Gurnee*, 44 Wis., 49–64, and cases cited on p. 64; *Hoeflinger v. Wells*, 47 Wis., 628–630.

Extending the time of payment in consideration of giving the note of the debtor and another, either as indorser or joint maker, is held to be a valuable consideration therefor, and places the holder in the position of an innocent holder for value, with all the benefits of such position. See *Bowman v. Van Kuren*, 29 Wis., 209, 219; *Body v. Jewsen*, 33 Wis., 402, 409. In both these cases the court held, in substance, that if there was an express or implied agreement on the part of a creditor to extend the day of payment on the delivery to him of a note as surety for his debt, then the creditor receiving such note was an innocent holder thereof for value. The circumstances under which this note was received by the respondent from its debtor are, we think, clearly sufficient to establish an implied contract on its part to extend the day of payment on its debt until the note became due, if they do not establish the fact that it was taken in payment of the same.

In *Bowman v. Van Kuren, supra*, Chief Justice DIXON, in speaking of the circumstances from which an implied agreement to give further time of payment might be found, says: "An implied agreement to that effect might possibly be shown by circumstances, as when the creditor is pressing his debtor for payment or security, and, upon the transfer being made, grants him indulgence, or forbears to urge his demand on account of it." The evidence in the case shows that the note in question was received by the respondent upon account of a debt due to it from P. H. McLean, and it is sufficiently clear that it was received upon an implied agreement to extend the time of payment on such debt. The re-

spondent, being an innocent holder of the note for value, is not prejudiced by the fact that the blank in the note was filled with a larger sum than it was understood between the makers it should be.

*By the Court.*— The judgment of the circuit court is affirmed.