## GAYNOR AND STANDLEY V. CLEMENTS.

1. ESTOPPEL IN PAIS MUST BE SPECIALLY PLEADED.— An estoppel *in pais* is new matter, and cannot be relied upon in evidence as a defense without being specially pleaded.

2. INSTRUCTIONS NEED NOT BE REPEATED.— It is not error to refuse a correct instruction if the substance thereof is otherwise fairly incorporated in the charge as given.

3. ERROR IN FAVOR OF COMPLAINING PARTY NOT GROUND FOR REVERSAL.— The general rule is that a new trial will not be granted merely on the ground of harmless error; nor will a judgment ordinarily be reversed for an error in favor of the party seeking such reversal. These rules are applicable to mistakes of the jury as to matters of fact as well as to errors of the court as to matters of law.

4. ERROR WITHOUT PREJUDICE NOT GROUND FOR REVERSAL.— Where the verdict is erroneous simply on the ground that it is for a less sum against defendants than was warranted by the evidence, such error cannot be said to be one affecting their substantial rights; and if the plaintiff does not complain, the judgment should not be reversed merely on the ground of such error.

5. JUDGMENT ENTRY MAY BE AMENDED.— A judgment is a judicial act: it is what is considered and ordered by the court; and not necessarily what is entered by the clerk. Where the judgment was right but the entry incorrect, the entry may be amended *nunc pro tunc.*

*Appeal from District Court of Arapahoe County.*

Mr. HUGH BUTLER, for appellants.

Mr. J. P. BROCKWAY, for appellee.

THIS was an action by Alfred H. Clements, plaintiff below, against John W. Gaynor and Joseph Standley. Plaintiff alleged an express contract by which, in consideration that he should obtain a purchaser for defendant's horses, he should receive five per centum of the gross sum realized from the sale: that he procured a purchaser to whom the horses were sold for a large sum of money, but that defendants had refused to pay his commissions. The answer denied the material averments of the complaint, and also contained a special defense alleging an express agreement by plaintiff to release defendants from the payment of commissions. The second trial resulted in a verdict for plaintiff in the sum of $1,000.

MR. JUSTICE ELLIOTT delivered the opinion of the court.

The assignments of error relate to the rulings of the court upon the admission and exclusion of evidence, to the giving and refusing of instructions, to the refusing of defendants' motion for a new trial, and the entering of judgment for plaintiff. No argument having been presented relating to the admission or exclusion of evidence, or against the instructions "given," these matters will not be specially considered.

It is claimed in argument that plaintiff, by reason of certain language used by him pending the negotiations, is estopped from maintaining his action for commissions against one of the defendants. Defendants' counsel prayed for an instruction to the jury based upon such supposed conduct of the plaintiff, which was refused, and the refusal is assigned for error. No defense of estoppel was set forth in the answer. Under the present practice it is well settled that an estoppel *in pais* is new matter, and cannot be relied upon

in evidence as a defense without being specially pleaded. See *De Votie v. McGerr*, 15 Colo. 467, and authorities there cited. In so far as the refused instruction was pertinent to the defense as pleaded, which was, in effect, that plaintiff had expressly agreed, at a certain stage of the negotiations, that he should not ask, demand or receive any commissions from either of the defendants, it was given in substance in another instruction.

It is unnecessary to consider further the refused instructions in detail. The instructions as given state the law applicable to the controversy impartially and with substantial accuracy. The instructions refused were either incorrect or unnecessary. It is not error to refuse a correct instruction if the substance thereof is otherwise fairly incorporated in the charge as given. *Dougherty v. The People*, 1 Colo. 524; *Gillett v. Corum*, 7 Kan. 156.

It is contended in behalf of appellant that the verdict is inconsistent with the evidence in any light in which it can be properly viewed under the issues as framed. The argument is that the complaint alleges an express agreement to pay commissions at the rate of five per cent. of the gross sum for which the horses should be sold; that the evidence shows the horses were sold or exchanged for other property; and that the price at which the horses were rated in the exchange was $30,000; hence, that under the contract as alleged, plaintiff would be entitled to recover, if at all, a commission of $1,500; but that the jury awarded him only $1,000. "Manifestly a compromise verdict," says appellants' counsel.

In addition to the horses rated at $30,000, plaintiff claims that certain other horses were disposed of in the same trade to the same party, rated at $4,500, on which sum he was also entitled to commissions at the same rate, so that his recovery should have been $1,725. The record before us shows that the verdict on the first trial was in plaintiff's favor for the latter amount. For what reason such verdict was set aside does not appear.

The evidence on the last trial was conflicting. Indulging the usual presumptions in favor of the verdict of the jury in such matters, they were justified in believing that plaintiff was the procuring cause of the sale, that he had performed the contract on his part, and that he had not released defendants from their obligation to pay commissions. A verdict for $1,500, or perhaps $1,725, in plaintiff's favor could not properly be disturbed as being against the evidence by an appellate court. 3 Graham & Waterman on New Trials, 1218, 1219.

The defendants did not assign the smallness of the last verdict as a ground of their motion for a new trial. On the contrary, one of the grounds alleged was that "the damages awarded by the jury were excessive." Perhaps the court below might have perceived reasons for granting a new trial if the inconsistency of the verdict with the evidence had been expressly pointed out; but in this court such an assignment of error cannot ordinarily be viewed with favor. The general rule is, that a new trial will not be granted merely on the ground of harmless error; nor will a judgment ordinarily be reversed for an error in favor of the party seeking such reversal. These rules are applicable to mistakes of the jury as to matters of fact as well as to errors of the court as to matters of law. Where, however, the circumstances or nature of the mistake is such as to indicate intentional misconduct on the part of the jury, a different element of error is involved. But "misconduct of the jury" was not alleged as a ground of the motion for a new trial; it is not assigned for error; nor does it appear in the evidence. It may be said that the jury erred in judgment; but in a lengthy and complicated trial, with conflicting evidence and with different theories urged upon their consideration by able and zealous counsel, such error may well be attributed to honest mistake instead of intentional misconduct. Hilliard on New Trials, ch. 3; *Henry v. Smoot*, 1 Ala. 18; *Covey v. State*, 4 Porter (Ala.), 186; *Fuller v. Ruby*, 10 Gray, 288; *State v. Pike*, 20 N. H. 344.

If the verdict be erroneous simply on the ground that it is for a less sum against defendants than was warranted by the evidence, such error cannot be said to be one affecting their substantial rights. Hence, the judgment should not be reversed merely on the ground of such error. Code, sec. 78. The plaintiff below was the only party prejudiced by the insufficiency of the damages awarded, and he is not complaining on this appeal. There having been two trials of the case, the plaintiff being willing to accept the result of the second trial rather than litigate further, and the trial court having sustained the second verdict, we do not feel at liberty to disturb it.

In disposing of this appeal we find it necessary to notice a matter not assigned for error, nor brought to our attention by counsel for either party. The transcript filed in this court shows a verdict rendered on the second trial, as above stated, for the sum of $1,000 in favor of plaintiff, and that thereafter, upon overruling the motion for a new trial at the same term, and on May 22, 1888, it was ordered by the court that "judgment be entered upon the verdict herein, and let the same be recorded in the judgment book." On the last-named date judgment appears to have been entered in favor of plaintiff against defendants for the sum of $1,725, with costs, etc. It will be observed that the judgment as entered was for the amount of the first verdict instead of the second. The appeal bond, however, recites the judgment as for $1,000 and costs. From such *data* remaining of record it is clear that the judgment actually rendered by the court was for the sum of $1,000 and costs, and that the entry of the judgment was a clerical mistake or misprision of the clerk, amendable at common law as well as under the statute of *jeofails*. A judgment is a judicial act; it is what is considered and ordered by the court, and not necessarily what is entered by the clerk. Freeman on Judgments, secs. 38, 40; *Moreland v. Ruffin*, 1 Ala. 18.

In view of the foregoing, it is manifest that the incorrect

entry of the judgment was not in consequence of any error committed by the court, but was the result of carelessness by the clerk in recording the judgment of the court, and that such entry should be amended *nunc pro tunc*. Freeman on Judgments, sec. 61 *et seq*. This cause is accordingly remanded to the district court of Arapahoe county with directions to vacate the record entry of the judgment herein, and to re-enter the same in favor of plaintiff against defendants for the sum of $1,000 and costs as of May 22, 1888, when the judgment was in fact actually rendered for that sum. In view of all the circumstances neither party shall recover costs incurred by this appeal.

*Judgment entry modified.*