Filed Nov. 4, 1892.

———◆———

No. 15,962.

## GEDDES ET AL. *v.* BLACKMORE.

PROMISSORY NOTE.—*Signing of in Blank.*—*Negotiation of, Contrary to Instructions.*—*Payor Bound Thereby.*—Where a person signs his name to a blank note and intrusts it to another, he thereby gives such person authority to fill it up in any manner he pleases, not inconsistent with the character of such blank paper, and a party taking it will be protected, even if the express instructions of the payor were disobeyed, and the note used for another purpose than that for which it was intended. The fact that the party intrusted with the blank note also signed it as maker before negotiating it, will not relieve the party who originally signed the blank note.

SAME.—*Notice of Violation of Instructions.*— *What is not.*—The fact that the payee of the note knew on the day he advanced the money thereon that the party who signed it in blank was in town, and he did not say anything to him about the loan, would not convey notice to the payee of the unauthorized use of the paper.

SAME.— *Finding of Jury.*—*Conclusion from Other Facts Found.*—Where the jury found all the facts relating to the signing of the note, filling in of blanks, instructions, etc., and at the close of the verdict found that the defendant did not execute the note, the latter finding being a mere conclusion drawn from the other facts found, will be disregarded.

From the Greene Circuit Court.

*W. W. Moffett* and *C. E. Green,* for appellants.

OLDS, J.—The appellee, Charles Blackmore, brought this action against the appellant, Daniel T. Geddes, and William Winder, on a promissory note, dated August 15th, 1884, due in one day after date, payable to said Charles Blackmore, for $1,000, with eight per cent. interest, and signed by said Daniel T. Geddes and William Winder. Geddes was defaulted, and Winder answered in three paragraphs: 1st. A general denial. 3d. A general plea of *non est factum,* and, 3d. Setting up an alteration of the note.

There was a trial by jury and a special verdict returned. The facts found by the jury in their special verdict show that the appellant William Winder signed a printed blank form of promissory note. The date of the note, date of maturity, amount and name of payee all being blank, and intrusted it to Geddes, with verbal instructions to purchase hogs for a firm composed of said William Winder and Asbury Winder, and to fill the blanks in the note and deliver the same to the person from whom he purchased hogs, filling the dates. The amount and name of the payee were to be filled by inserting the amount to be paid for the hogs, and the name of the person from whom the hogs were purchased. Geddes violated his instructions and used the note to borrow $1,000 of appellee, Blackmore, filling the blank amount at $1,000 and the name of Blackmore as

payee. He filled the other blanks, and signed the note himself as one of the payors, delivered the same to Blackmore, and received from him $1,000. Geddes purchased no hogs of Blackmore, and did not use any of the money for the purchase of any hogs for said William Winder or the firm of Winder & Winder, and neither Winder & Winder nor William Winder received any of the money; that the use made of the note was unauthorized by Winder and was without his knowledge and contrary to his instructions. Both the appellee and the appellant Winder moved for judgment on the special verdict, and the court overruled the motion of Winder and sustained the motion of the appellee, Blackmore, and rendered judgment in his favor for the amount found due on the note.

These rulings of the court on the motions for judgment are assigned as errors.

The facts found show that Geddes violated the confidence reposed in him by appellant Winder. He disobeyed his instructions, and used the note for another purpose than that for which it was intended, but notwithstanding such violation of confidence the appellant is liable on the note.

In *Roberts* v. *Adams,* 8 Porter, 297 (33 Am. Dec. 291), the court says: "No rule can be better settled, than the one which determines that he who signs his name to a blank piece of paper, with intent to be filled up as a note or endorsement, will be liable, although the person intrusted therewith shall violate the confidence reposed in him, by filling it up with another sum, or using it for another purpose than the one intended," and many authorities are cited in support of this doctrine. The same rule is adhered to by this court. In *Wilson* v. *Kinsey,* 49 Ind. 35, it was held that where a party signed a promissory note in blank, and intrusted it to another to discount the note at bank, a blank being left for the name of the payee, and the note was negotiated to a third party, and his name inserted as payee, the person so signing the note was liable. In that case Kinsey signed the note

and intrusted it to one Butler to negotiate, and the court says : " We do not doubt, in view of the evidence, that when the note was signed Butler intended to negotiate it at the bank, but we find no evidence of any agreement between him and Kinsey that he should not negotiate it elsewhere. Had Kinsey insisted upon any such thing, it seems probable that when the subject of restricting the authority of Butler was under consideration, he would have insisted upon having the blank for the name of the payee filled, as well as the ones which he insisted on having filled, before he parted with the paper. This he did not do, but permitted the paper to go out into the market as it was. In that condition, it fell into the hands of Wilson, who paid value for it, and who, as we think, is not charged with notice of anything which can affect his right to recover upon the note." *Cornell* v. *Nebeker*, 58 Ind. 425, supports the same doctrine.

In this case Geddes was not restricted to fill in the name of any particular person as payee or to any amount. It is true he was intrusted with the note for the purpose of filling in the blanks, and to negotiate it in payment of hogs to be purchased by him for the firm of Winder & Winder ; but he was intrusted with the blank with authority to fill the blanks and negotiate it for a particular purpose, and he violated the confidence reposed in him, and negotiated it for another purpose. Winder, by the signing of the note in blank, and entrusting it to Geddes to fill the blanks and negotiate it, placed it in the power of Geddes to accomplish just what he did accomplish, viz., fill the blanks and negotiate it to Blackmore, and secure a loan of one thousand dollars, and the rule seems to be well settled that where a person signs his name to a blank note, and entrusts it to another, he thereby gives such person authority to fill it up in any manner he pleases, not inconsistent with the character of such blank paper, and a party taking it will be protected. See *Davis* v. *Lee*, 59 Am. Dec. 267 ; *Abbott* v. *Rose*, 62 Me. 194 (16 Am. Rep. 427).

Nor do we think Winder was relieved from liability by

Geddes *et al. v.* Blackmore.

reason of the fact that Geddes signed his own name to the note as one of the payors or makers. Winder, by intrusting the note to Geddes, authorized him to fill the note out in any manner he pleased, not inconsistent with the character of such blank. The filing of it as he did and signing his own name with that of Winder as payee was perfectly consistent with the character of the blank so signed by Winder. It enabled Geddes to do just what the facts found show that he did do. He first met Blackmore on the street, and informed him that he would probably want to make the loan of him on a note signed by Winder, then filled the blanks and signed it himself, and negotiated it and obtained the money upon it. The fact is found that on the same day Winder was also in town and that Blackmore knew it and made no mention of the fact in regard to the loan to Winder, but this fact carries no notice to Blackmore of the unauthorized use of the paper, but rather conveys to him knowledge that Winder was within reach so that Geddes could and had procured his signature for the purpose of the loan.

There is a general finding at the close of the verdict that Winder did not execute the note, but in view of the form of the verdict this must be treated as a mere conclusion drawn from the other facts found, as all the facts relating to the signing, delivery, filling blanks, and knowledge and instructions are fully set out and found by the jury, and it is clearly apparent that the latter statement is intended as a conclusion drawn from the facts previously stated and found by the jury.

We think there was no error in the rulings of the court on the motions for judgment.

Judgment affirmed, with costs.

Filed Nov. 15, 1892.